IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | **C O M P L A I N T** |
| CUMMINS POWER GENERATION, INC., a division of CUMMINS, INC., | ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

_____

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), Title II of the Genetic Information Nondiscrimination Act ("GINA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of discrimination and retaliation and to provide appropriate relief to Grant P. Habighorst ("Habighorst") who was adversely affected by such practices.

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges in that Cummins Power Generation, Inc., ("Defendant" or "Cummins") made unlawful disability-related inquiries to Habighorst that were not business related or consistent with business necessity in violation of Section 102(d)(4)(A) of the ADA, 42 U.S.C. § 12113(d)(4)(A), and then discharged him when he opposed the unlawful practice in violation of Section 503(a) and (b) of the ADA, 42 U.S.C. § 12203(a) and (b).  Cummins' medical inquiries also required Habighorst to submit

family medical history in violation of Section 202(b) of GINA, 42 U.S.C. § 12203(a), and

then discharged him because he opposed the unlawful inquiries in violation of Section

207(f) of GINA, 42 U.S.C. § 2000ff-6(f).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345.

2.     This action is authorized and instituted pursuant to Section 107(a) of the

ADA, 42 U.S.C. § 12117(a), and Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a),

which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section

102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the District of

Minnesota.

## PARTIES

4.     The EEOC is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title I of the ADA, and is expressly

authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a),

which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.

§ 2000e-5(f)(1) and (3).

5.     The EEOC is also the agency of the United States of America charged with the administration, interpretation, and enforcement of Title II of the GINA and is expressly authorized to bring this action by Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6.     At all relevant times, Defendant Cummins has continuously been a Delaware corporation doing business in the State of Minnesota and the City of Shoreview.  Defendant has continuously had at least 15 employees.

7.     Defendant Cummins is a division of Cummins, Inc., an Indiana Corporation registered to do business in Minnesota.  Cummins, Inc., has continuously had at least 15 employees.

8.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), and under Section 201 (2) (B) (i) of GINA, 42 U.S.C.§2000ff(2)(B)(i), which incorporate, by reference, Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.     More than 30 days prior to the institution of this lawsuit, Habighorst filed a charge with the EEOC alleging violations of Title I of the ADA and Title II of GINA by Defendant.

3

11.     On November 15, 2013, EEOC determined that there was reasonable cause to believe that Defendant discriminated and retaliated against Habighorst in violation of ADA and GINA by making unlawful inquiries and discharging Habighorst because of his objections to those inquiries.

12.     The conciliation efforts required by law have occurred and were unsuccessful.

(a)     On November 15, 2013, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

(b)     On February 28, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this suit have been fulfilled.

14.     As of August 8, 2012, and at all relevant times, Habighorst was an employee of Defendant.

15.     On October 5, 2012, Cummins told Habighorst that he was required to undergo a fitness for duty examination.

16.     As part of the fitness for duty examination, Cummins required that Habighorst sign a release for all his medical records.

17.     Among other things, Cummins' releases required that Habighorst agree to the disclosure of "all information concerning medical care, advice, treatment, or supplies provided to me," and "all information related to or forming the basis of any medical, mental health and/or substance abuse evaluation, recommendations and/or determinations.

18.     Habighorst was also given a diagnostic assessment form to complete that specifically requested information regarding Habighorst's family history involving psychiatric, chemical dependency, suicide, and major medical issues.

19.     Cummins' releases, including the diagnostic assessment form, were likely to elicit disability-related information.

20.      Cummins' proffered releases, including the diagnostic assessment form, were not narrowly tailored to the issue of whether Habighorst could perform the essential functions of his job or whether he posed a direct threat to the safety of himself or others.

21.     Cummins' releases, including the diagnostic assessment form, were unlawful medical inquiries that were not job-related or consistent with business necessity.

22.     Cummins' releases, including the diagnostic assessment form, were likely to require the disclosure of family medical history.

23.     Habighorst was willing to go through the fitness-for-duty examination, but he objected to the release(s) that Cummins insisted that he sign.

24.     Habighorst objected to Cummins about the release(s) to the extent that they did not adequately disclose to whom his information would be released and were not tailored to address his work at Cummins.

25.     Habighorst told Cummins that the release(s) needed to be narrowed in scope because the information sought was sensitive personal information.  He told Cummins that he objected to the extent that the release(s) were not proper in scope and did not identify the proper person to whom the information would go.

26.     Cummins refused to modify the scope of the release(s) to comply with the ADA or GINA.

27.     Cummins terminated Habighorst's employment on January 4, 2012, as a direct result of Habighorst's refusal to sign the release(s) seeking medical information that was not job-related or consistent with business necessity, and would likely disclose family medical history.

28.     Cummins' acts as described in all the preceding paragraphs were done intentionally.

29.     Cummins' acts as described in all the preceding paragraphs were done with malice or with reckless disregard of Habighorst's federally protected rights as set forth below in Counts I through V.

## COUNT I:  UNLAWFUL DISABILITY-RELATED INQUIRIES
## UNDER THE ADA

30.     Plaintiff incorporates, by reference, all preceding paragraphs as though fully set forth herein.

31.     By and through the releases, including the diagnostic assessment form, Cummins made disability-related inquiries to a current employee, Habighorst, that were not job-related and consistent with business necessity.

32.     Cummins violated Section 102(d)(4)(A) of ADA, 42 U.S.C. § 12113(d)(4)(A) by subjecting Charging Party to unlawful disability-related inquiries that were not job-related and consistent with business necessity.

## COUNT II:  UNLAWFUL REQUESTS FOR GENETIC INFORMATION UNDER GINA.

33.     Plaintiff incorporates, by reference, all preceding paragraphs as though fully set forth herein.

34.     By and through the releases, including the diagnostic assessment form, Cummins required Habighorst to disclose genetic information in the form of family medical history.

35.     Cummins did not caution its providers against providing medical records containing genetic information in the form of family medical history.

36.     Cummins violated Section 202(b) of GINA, 42 U.S.C. § 2000ff-1(b), by seeking to acquire genetic information in the form of family medical history.

## COUNT III:  RETALIATORY DISCHARGE IN VIOLATION OF THE ADA

37.     Habighorst's objections to the breadth and clarity of the release(s) were objections to matters made unlawful under the ADA.

38.     Habighorst's objections were reasonable and made in good faith.

7

39.     Cummins fired Habighorst as a result of his objections to the release(s).

40.     Cummins violated Section 503(a) of the ADA, 42 U.S.C. § 12203(a), by firing Habighorst in retaliation for his good faith objections to Respondent's disability-related inquires.

## COUNT IV:  UNLAWFUL INTERFERENCE AND COERCION
## IN VIOLATION OF THE ADA

41.     The ADA guarantees Habighorst, as a current employee, the right to be free from medical inquiries that were not job-related and consistent with business necessity.

42.     Cummins fired Habighorst for refusing to sign the release(s) requiring the disclosure of disability-related information that was not job-related or consistent with business necessity.

43      Cummins violated Section 503(b) of the ADA, 42 U.S.C. 12203(b), by interfering, coercing, or intimidating Habighorst in the exercise of his right to refuse to undergo unlawful disability-related inquiries that were not job-related and consistent with business necessity.

## COUNT V:  RETALIATORY DISCHARGE IN VIOLATION OF GINA

44.     Habighorst's objections to the breadth and clarity of the release(s) were objections to matters made unlawful under the GINA

45.     Habighorst's objections were reasonable and made in good faith.

46.     Cummins fired Habighorst as a result of his objections to the release(s).

47.    Cummins violated Section 207(f) of GINA, 42 U.S.C. § 2000ff-6(f),  by retaliating against Habighorst for his good-faith objections to Cummins' efforts to acquire family medical history through an overly broad release for past medical records.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from requiring employees to respond to unlawful disability-related inquiries or requiring employees to disclose genetic information.

B.   Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees because of their objections to responding to unlawful disability related inquiries or to providing genetic information.

C.   Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from interfering, coercing or intimidating employees in the enjoyment or exercise of their right to not be required to respond to unlawful disability related inquiries, or to provide genetic information.

D.  Order Defendant Cummins to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E.  Order Defendant Cummins to make whole Habighorst by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial; reinstatement; front pay in lieu of reinstatement; and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in the paragraphs above.

F.  Order Defendant Cummins to make whole Habighorst by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

G.  Order Defendant Cummins to make whole Habighorst by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of above, in amounts to be determined at trial.

H.  Order Defendant Cummins to pay Habighorst punitive damages for its malicious and reckless conduct, as described in the paragraphs above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

complaint.


Dated:  09/08/2014

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M Street, N.E.
5th Floor
Washington, D.C.  20507


s/ John Hendrickson
John C. Hendrickson
Regional Attorney


s/ Jean Kamp
Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Telephone:  (312) 869-8116
Facsimile:   (312) 869-8124
jean.kamp@eeoc.gov

s/ Laurie Vasichek
Laurie Vasichek ( 171438 )
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4061
Facsimile:   (612) 335-4044
laurie.vasichek@eeoc.gov