**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

|  |  |  |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | Court File No. 14-cv-03408-SRN-SER |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **JOINT RULE 26(f) REPORT** |
| v. | ) |  |
|  | ) |  |
| Cummins Power Generation, Inc., a division of Cummins, Inc. | ) ) | |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

The parties identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 6, 2015 by telephone, and prepared the following joint report. Laurie Vasichek conferred on behalf of Plaintiff and Jennifer Kruckeberg conferred on behalf of Defendant.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for January 27, 2015, at 9:30 a.m., before the United States Magistrate Judge Steven E. Rau in Room 334, of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. The parties do not request that the pretrial be held by telephone. The parties anticipate discussing the matters addressed in this report.

## A.    Description of the Case.

### 1.    Concise Factual Summary of Plaintiff's Claims:

The EEOC contends that Defendant Cummins Power Generation demanded that Grant Habighorst execute overly broad medical releases in connection for a fitness-for-duty examination. The releases would have authorized the disclosure of medical information that was not job-related or consistent with business necessity. Habighorst objected to the scope of the releases, and he was subsequently terminated. The EEOC contends that Cummins violated the Americans with Disabilities Act ("ADA") by subjecting Habighorst to medical inquiries that were not job-related or consistent with business necessity, violated the Genetic Information Nondiscrimination Act ("GINA") by requiring Habighorst to disclose his family medical history, and violated both the ADA and GINA by retaliating against Habighorst for his good faith objections to the unlawful medical inquiries.

**2.      Concise Factual Summary of Defendant's Claims:**

Defendant Cummins Power Generation Inc. ("CPG"), headquartered in Shoreview, Minnesota, is a manufacturer of power system technology. Grant Habighorst began working as a Business Analyst at CPG in early August 2012. Within the first month of his employment, Habighorst exhibited paranoid behavior and made references to guns. For instance, he told his supervisor that one of his former employers was cyber attacking him, but that he did not know who or why. To prove his theory, he summoned his supervisor to his cubicle to tell him that moments earlier when he turned on his laptop computer, the battery power meter read only 97 percent.

In early October, Habighorst wrote a letter to CPG describing a number of beliefs he had about things that had occurred at work, including his belief that CPG was testing, monitoring and harassing him by doing things such as leaving documents in the printer without immediately retrieving them, leaving confidential information in a trash bin in an empty cubicle, and having three female employees coax him to look at them inappropriately by waiving a greeting at him from across the room or bending forward. CPG promptly investigated the incidents raised in Habighorst's letter, but found no evidence to substantiate his allegations that he was being inappropriately tested, monitored or harassed.

Due to his continued odd behavior, CPG's managers became concerned that Habighorst could pose a threat to himself or others. Thus, CPG requested that he meet with an Employee Assistance Program ("EAP") counselor to determine whether he should undergo a fitness-for-duty exam to ensure he was capable of performing the essential functions of the job with or without reasonable accommodation.

CPG receives EAP services from a third-party provider, CIGNA. CIGNA requires that the employers with whom it contracts have the employee sign a health information authorization form before meeting with a counselor. CPG forwarded the CIGNA authorization form to Habighorst. Habighorst refused to sign the form, claiming it was overbroad. After lengthy communications with Habighorst to answer his questions to provide an alternative means of proceeding with the process with which he would feel more comfortable, CPG eventually terminated Habighorst's employment. Without engaging in the CIGNA process, CPG could not determine whether Habighorst could safely perform the essential functions of his job at CPG with or without reasonable accommodation. Habighorst filed a charge with the EEOC alleging disability discrimination and retaliation.

The EEOC filed suit against CPG alleging the health information authorization form from CIGNA (as well as another form a third party doctor sent to Habighorst) subjected Habighorst to impermissible inquiries under the Americans with Disabilities Act (ADA) and the Genetic Information Nondiscrimination Act (GINA) and related claims. CPG vehemently disputes the EEOC's allegations. All actions CPG took with respect to Habighorst's employment were legitimate and lawful, and the EEOC cannot meet its burden of proving liability and damages against CPG under the theories asserted in the Complaint.

**3.  Summary Itemization of the Dollar Amount of Each Element of the Alleged Damages**

The EEOC is seeking:

1.  Back pay, including lost benefits and interest. The precise dollar amount of this back pay will be determined following discovery of relevant wage and benefit information from Cummins;

2.  Compensatory and punitive damages. The EEOC will be seeking up to the statutory caps, which it believes to be $300,000.

3.  Front pay if reinstatement is not appropriate. The precise dollar amount will be determined following discovery of the relevant wage and benefit information from Cummins.

**4.  Statement of Jurisdiction (including statutory citations):**

Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction because the claims arise under federal law as follows:

Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff, et seq.

**5.  Summary of Factual Stipulations or Agreements:**

The parties have not entered into any stipulations or agreements at this time.

**6.  Statement of whether a jury trial has been timely demanded by any party:**

Plaintiff demands a jury trial on all counts so triable in its Complaint.

**7.      Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:**

The parties decline to resolve the case under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

**B.      Pleadings.**

**Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:**

At this time, the parties believe that all process has been served and all pleadings filed. The parties do not anticipate amending the pleadings, but reserve the right to do so in accordance with the Federal Rules of Civil Procedure. Plaintiff has stated that the charging party, Grant P. Habighorst, may attempt to intervene as a party in this matter.

**C.      Fact Discovery.**

The parties do not request that discovery be conducted in phases and do not wish to engage in alternative dispute resolution before discovery commences. The parties plan to reconsider whether alternative dispute resolution may be appropriate following initial discovery. The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.      The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **March 2, 2015**.

2.      The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **October 2, 2015**.

3.      The parties must commence fact discovery procedures in time to be completed by **October 2, 2015**.

4.      The parties propose that the Court limit the use and numbers of discovery procedures as follows:

    a.      _____30_____ interrogatories;

    b.      _____50_____ document requests;

4

c.     __10__ factual depositions;

d. Defendant proposes 10 requests for admissions; plaintiff proposes unlimited requests for admissions;

e. Defendant requests the right to one Rule 35 medical exam; plaintiff opposes defendant's request;

f.     _____ other.

## D.    **Expert Discovery.**

1. The parties anticipate that they will require expert witnesses at the time of trial.

   a. The Plaintiff anticipates calling __1__ (number) experts in the fields of: <u>economics</u>.

   b. The Defendant anticipates calling __1__ (number) experts in the fields of: <u>in rebuttal to any expert called by Plaintiff</u>.

   c. The parties anticipate __1__ deposition of each expert.

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Initial experts.

      (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **June 15, 2015**.

      (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **August 14, 2015**.

   b. Rebuttal experts.

      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **September 15, 2015**.

      ii.      Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **November 15, 2015**.

3.      All expert discovery must be completed by **December 18, 2015**.

**E.**      <u>**Other Discovery Issues.**</u>

1.      Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and agree to jointly submit a proposed protective order noting any provisions upon which the parties disagree.

2.      Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

The parties contemplate limited discovery of electronically-stored information ("ESI"). The parties will produce ESI in a useable format and at this time contemplate producing documents in searchable hard-copy format on a CD-ROM, while preserving any available native and .pst files. The parties agree to work together to resolve any disputes regarding the production format of ESI.

3.      Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

The parties will review all ESI and paper documents for privilege prior to production. All documents withheld for privilege or documents redacted for privilege will be identified on a privilege log. The parties recognize that privileged material may be inadvertently produced. The parties agree that privileged material that is inadvertently produced will be handled in accordance with Fed. R. Civ. P. 26(b)(5).

**F.**     **Proposed Motion Schedule.**

The parties propose the following deadlines for filing motions:

1.     Motions seeking to join other parties must be filed and served by **March 2, 2015**.

2.     Motions seeking to amend the pleadings must be filed and served by **March 2, 2015**.

3.     All other non-dispositive motions must be filed, served, and heard by **December 15, 2015**.

4.     All dispositive motions must be filed, served, and heard by **February 1, 2016**.

**G.**     **Trial-Ready Date.**

1.     The parties agree that the case will be ready for trial on or after **May 2, 2016**.

2.     The parties propose that the final pretrial conference be held on or before **April 18, 2016**.

The estimated length of trial is five days.

**H.**     **Insurance Carriers/Indemnitors**.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Defendant is not aware of any insurance carriers/indemnitors providing coverage for the claims asserted against it.

**I.**     **Settlement.**

1.     The parties will discuss settlement before the initial pretrial conference. Defendant will inquire if and/or when plaintiff intends to make a written demand for settlement.

2.     The parties propose that a court-mediated settlement conference be scheduled before trial if requested by either party.

3.      The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

The parties are agreeable to holding a settlement conference with the Magistrate Judge before trial.  The parties will consider whether a settlement conference with the Magistrate Judge is appropriate later in the discovery process.

**J.      Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: January 20, 2015                    EQUAL EMPLOYMENT OPPORTUNITY
                                           COMMISSION


                                           s/ Laurie Vasichek
                                           Laurie Vasichek, MN Atty #171438
                                             Laurie.Vasichek@EEOC.gov

                                           Minneapolis Area Office
                                           330 Second Avenue South, Suite 720
                                           Minneapolis, MN 55401
                                           Phone: (612) 335-4061

                                           Attorney for Plaintiff
                                           Equal Employment Opportunity Commission

8

Dated:  January 20, 2015             FAEGRE BAKER DANIELS LLP


s/ Jennifer J. Kruckeberg
Jacqueline A. Mrachek, MN Atty #0216434
  Jacqueline.Mrachek@FaegreBD.com
Jennifer J. Kruckeberg, MN Atty #0337675
  Jenny.Kruckeberg@FaegreBD.com

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone: (612) 766-7000

Attorneys for Defendant
Cummins Power Generation Inc.

9

us.55312116.05