IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CUMMINS POWER GENERATION, INC., a division of CUMMINS, INC., <br><br> Defendant, <br><br> and <br><br> Grant P. Habighorst, <br><br> Intervener. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Case No.: 14cv3408 (SRN/SER) <br><br><br><br> **COMPLAINT OF INTERVENER** |

Intervener Grant P. Habighorst ("Habighorst") for his claim against Cummins Power Generation, Inc. ("Defendant" or "Cummins") states and alleges as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.      This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207(a) of GINA, 42 U.S.C. §2000ff-6(a), which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.  Supplemental jurisdiction with respect to Counts VI and VII is invoked pursuant to 28 U.S.C. § 1367.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. The EEOC also is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title II of the GINA and is expressly authorized to bring this action by Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6. Plaintiff Intervener Habighorst is an individual who resides in the City of Brooklyn Park, State of Minnesota.

7. At all relevant times, Defendant Cummins has continuously been a Delaware corporation doing business in the State of Minnesota in the City of Shoreview, and continuously has had at least 15 employees.

8. Defendant Cummins is a division of Cummins, Inc., an Indiana corporation registered to do business in Minnesota. Cummins, Inc., has continuously had at least 15 employees.

9.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7) and under § 201(2)(B)(i) of the GINA, 42 U.S.C. §2000ff(2)(B)(i), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

10.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

11.     More than 30 days prior to the institution of this lawsuit, Habighorst filed a charge with the EEOC alleging violations of Title I of the ADA and Title VII of the GINA by Defendant.  The charge also was filed with the Minnesota Department of Human Rights ("MDHR") under a work sharing agreement between the EEOC and MDHR.

12.     On November 15, 2013 the EEOC determined that there was reasonable cause to believe Defendant discriminated and retaliated against Habighorst in violation of the ADA and the GINA by making unlawful inquiries and discharging Habighorst because of his objections to those inquiries.

13.     The EEOC engaged in conciliation efforts required by law by issuing Defendant a letter of determination inviting Defendant to join the EEOC in informal conciliation on November 15, 2013. The conciliation effort was unsuccessful. On February 28, 2014 the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its effort that the EEOC was unable to secure a conciliation agreement acceptable to it.

14.     As a result of the foregoing, all conditions precedent to the institution of this lawsuit by the EEOC and Intervention by Habighorst have been fulfilled.

15. Grant Habighorst began his employment with Defendant on or about August 8, 2012 as an IT Business Analyst. He was employed by Defendant at all material times.

16. On or about October 5, 2012 Habighorst was told by Cummins that he was required to take a fitness for duty examination.

17. Habighorst was placed on an involuntary paid leave of absence retroactive to October 3, 2012 pending the fitness for duty process.

18. Cummins required Habighorst to sign a release for all of his medical records as part of the fitness for duty process. The release, among other things, required that Habighorst agree to disclose "all information concerning medical care, advice, treatment, or supplies provided to me," and "all information related to or forming the basis of any medical, mental health and/or substance abuse evaluation, recommendations and/or determination."

19. Habighorst also was given a diagnostic assessment form to complete that specifically requested information concerning his family history involving psychiatric, chemical dependence, suicide, and major medical issues.

20. Cummins' releases, including the diagnostic assessment form, were likely to elicit disability-related information.

21. The releases Cummins asked Habighorst to sign, including the diagnostic assessment form, were not narrowly tailored to the issue of whether Habighorst could perform the essential functions of his job or whether he posed a direct threat to the safety of himself or others.

22. Cummins' releases, including the diagnostic assessment form, were unlawful medical inquiries that were not job-related or consistent with business necessity.

23. Cummins' releases, including the diagnostic assessment form, were likely to require the disclosure of family medical history.

24. Habighorst expressed a willingness to go through the fitness-for-duty examination, but he objected to the releases that Cummins insisted that he sign.

25. Habighorst objected to Cummins releases because they did not adequately disclose to whom the information would be released and were not tailored to address the work that he did at Cummins.

26. Habighorst also was concerned about the scope of the releases and asked Cummins to narrow the releases. He was concerned that the releases sought sensitive personal information and told Cummins he objected to the extent that the releases were not proper in scope and did not identify the proper person to whom the information would be provided.

27. Cummins refused to modify the scope of the releases to comply with the ADA or GINA.

28. Cummins terminated Habighorst's employment on January 4, 2012 as a direct result of Habighorst's refusal to sign the releases seeking medical information that was not job-related or consistent with business necessity, and would likely disclose family medical history.

29. Cummins' acts described in the paragraphs above were intentional.

30. Cummins' acts described in the paragraphs above were done with malice or with reckless disregard of Habighorst's federally protected rights as set forth below in Counts I – V and with his rights under the laws of the State of Minnesota under Counts VI and VII.

## COUNT I.

### UNLAWFUL DISABILITY-RELATED INQUIRIES UNDER THE ADA

Habighorst realleges the allegations set forth above and further states and alleges as follows.

31.    By and through the releases, including the diagnostic assessment form, Cummins made disability-related inquiries to Habighorst during his employment that were not job-related and consistent with business necessity.

32.    Cummins violated Section 102(d)(4)(A) of the ADA, 42 U.S.C. § 12113(d)(4)(A) by subjecting Habighorst to unlawful disability-related inquiries that were not job related and consistent with business necessity.

## COUNT II.

### UNLAWFUL REQUEST FOR GENETIC INFORMATION UNDER GINA

Habighorst realleges the allegations set forth above and further states and alleges as follows:

33.    By and through the releases, including the diagnostic assessment form, Cummins required Habighorst to disclose genetic information in the form of family medical history.

34.    Cummins did not caution the medical providers against providing medical records containing genetic information in the form of family medical history.

35.    Cummins violated Section 202(b) of GINA, 42 U.S.C. § 2000ff-1(b), by seeking to acquire genetic information in the form of family medical history.

## COUNT III.

### RETALIATORY DISCHARGE IN VIOLATION OF THE ADA

Habighorst realleges the allegations set forth above and further states and alleges as follows:

36.    Habighorst's objections to the breadth and lack of clarity of the releases were objections to matters made unlawful under the ADA.

37.    Habighorst's objections were reasonable and made in good faith.

38.    Cummins fired Habighorst as a result of his objections to the releases.

39.    Cummins violated Section 503(a) of the ADA, 42 U.S.C. § 12203(a), by firing Habighorst in retaliation for his good faith objections to Cummins' disability-related inquiries.

### COUNT IV.

### UNLAWFUL INTERFERENCE AND COERCION

### IN VIOLATION OF THE ADA

Habighorst realleges the allegations set forth above and further states and alleges as follows:

40.    The ADA guarantees Habighorst, as a current employee, the right to be free from medical inquiries that are not job-related and consistent with business necessity.

41.    Cummins fired Habighorst for refusing to sign the releases requiring the disclosure of disability-related information that was not job related or consistent with business necessity.

42.    Cummins violated Section 503(b) of the ADA, 42 U.S.C. § 12203(b) by interfering, coercing, or intimidating Habighorst in the exercise of his right to refuse to undergo

unlawful disability-related inquiries that were not job-related and consistent with business necessity.

## COUNT V.

### RETALIATORY DISCHARGE IN VIOLATION OF GINA

Habighorst realleges the allegations set forth above and further states and alleges as follows:

43. Habighorst's objections to the breadth and clarity of the releases were objections to matters made unlawful and under the GINA.

44. Habighorst's objections were reasonable and were made in good faith.

45. Cummins fired Habighorst as a result of his objections to the releases.

46. Cummins violated Section 207(f) of GINA, 42 U.S.C. § 2000ff-6(f), by retaliating against Habighorst for his good-faith objections to Cummins' efforts to acquire family medical history through an overly broad release for his past medical records.

## COUNT VI.

### VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Habighorst realleges the allegations set forth above and further states and alleges as follows:

47. By and through the releases, including the diagnostic assessment form, Cummins sought medical information beyond what was necessary to assess his ability to perform the job or assess the need to reasonably accommodate him.

48. Cummins violated the Minnesota Human Rights Act, Minn. Stat. § 363A.08, subd. 2, by subjecting him to disability related inquiries that were not job related and consistent with business necessity.

## COUNT VII.

## REPRISAL IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Habighorst realleges the allegations set forth above and further states and alleges as follows:

49.     Habighorst's objections to the breadth and clarity of the releases were opposition to practices forbidden under the Minnesota Human Rights Act.

50.     Habighorst's objections were reasonable and made in good faith.

51.     Cummins fired Habighorst as a result of his objections to the releases.

52.     Habighorst violated the Minnesota Human Rights Act, Minn. Stat. § 363A.15(1), by firing Habighorst in reprisal for his good faith objections to Cummins disability-related inquiries.

## PRAYER FOR RELIEF

Wherefore, Grant P. Habighorst respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from requiring employees to respond to unlawful disability-related inquiries or requiring employees to disclose genetic information.

B.     Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees because of their objections to responding to unlawful disability related inquiries or to providing genetic information.

C.     Grant a permanent injunction enjoining Defendant Cummins, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

interfering, coercing or intimidating employees in the enjoyment or exercise of their right to not be required to respond to unlawful disability related inquiries, or to provide genetic information.

D.    Order Defendant Cummins to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E.    Order Defendant Cummins to make whole Habighorst by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial; reinstatement; front pay in lieu of reinstatement; and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in the paragraphs above.

F.    Order Defendant Cummins to make whole Habighorst by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

G.    Order Defendant Cummins to make whole Habighorst by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of above, in amounts to be determined at trial.

H.    Order Defendant Cummins to pay Habighorst punitive damages for its malicious and reckless conduct, as described in the paragraphs above, in amounts to be determined at trial.

I.    Order Defendant Cummins to pay Habighorst his past and future lost wages and benefits, mental anguish and suffering, and other compensatory damages in an amount up to

three times the actual damages sustained, and punitive damages under the Minnesota Human Rights Act.

  J.  Grant such other relief as the Court deems necessary and proper.

  K.  Award Grant Habighorst his costs and attorney fees in this action.

**JURY TRIAL DEMANDED**

Grant Habighorst requests a jury trial on all questions of fact raised by his Complaint.

             **HELLMUTH & JOHNSON, PLLC**

Date: February 23, 2015     By:_____
             Marshall H. Tanick (#108303)
             Teresa J. Ayling (#157478)
             8050 West 78th Street
             Edina, MN 55439
             (952) 941-4005 (phone)
             (952) 941-2337 (fax)
             mtanick@hjlawfirm.com
             tayling@hjlawfirm.com

             **ATTORNEYS FOR INTERVENER**
             **GRANT P. HABIGHORST**