**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Court File No. 14-cv-03408-SRN-SER |
| Plaintiff, | ) ) ) |
| and | ) ) ) |
| Grant P. Habighorst, | ) ) ) **DEFENDANT'S ANSWER TO** |
| Plaintiff-Intervenor, | ) **PLAINTIFF-INTERVENOR'S** |
| v. | ) **COMPLAINT** |
| Cummins Power Generation Inc., a division of Cummins Inc. | ) ) ) ) |
| Defendant. | ) ) ) |

Defendant Cummins Power Generation Inc. ("Cummins"), for its Answer and Defenses to the Complaint of Intervenor ("Plaintiff-Intervenor"), states and alleges as follows:

**FIRST DEFENSE**

Cummins denies each and every allegation, claim or statement contained in Plaintiff-Intervenor's Complaint, except as hereinafter specifically admitted, qualified or explained.

1.     The allegations contained in paragraph 1 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required. Defendant states jurisdiction is proper.

2.      The allegations contained in paragraph 2 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.  Admits Plaintiff-Intervenor has filed suit pursuant to the statutes cited.

3.      The allegations contained in paragraph 3 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.  Defendant states venue is proper.

## PARTIES

4.      The allegations contained in paragraph 4 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.  Admits Plaintiff has the powers cited pursuant to the statutes cited.

5.      The allegations contained in paragraph 5 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.  Admits Plaintiff has the powers cited pursuant to the statutes cited.

6.      Responding to the allegations contained in paragraph 6 of the Complaint, admits Plaintiff is an individual, and states it is without sufficient information to admit or deny where Plaintiff resides.

7.      Admits the allegations contained in paragraph 7 of the Complaint.

8.      Admits the allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.

10.      The allegations contained in paragraph 10 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.

## STATEMENT OF CLAIMS

11.     Responding to the allegations contained in paragraph 11 of the Complaint, states the charge filed with the EEOC speaks for itself, and states it is without sufficient information to admit or deny whether the charge was also filed with the Minnesota Department of Human Rights under a work sharing agreement, and admits that Plaintiff-Intervenor filed a charge with the EEOC more than 30 days prior to the institution of this lawsuit.

12.     States it is without sufficient information to admit or deny when the EEOC made a determination, and admits the remaining allegations contained in paragraph 12 of the Complaint.

13.     Admits Plaintiff issued a Letter of Determination on or about November 15, 2013, inviting the parties (Cummins and Plaintiff-Intervenor) to join Plaintiff to engage in the conciliation process, and on or about February 28, 2014, Plaintiff issued a letter to Cummins stating it had determined its efforts to conciliate were unsuccessful, and denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     States the allegations contained in paragraph 14 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required.

15.     Responding to the allegations contained in paragraph 15 of the Complaint, states Plaintiff-Intervenor started work for Cummins as an IT Business Analyst on or about August 6, 2012, and was employed by Cummins until approximately January 4, 2013.

16. Responding to the allegations contained in paragraph 16 of the Complaint, admits that on or about October 9, 2012, Cummins sent Plaintiff-Intervenor a letter to initiate the fitness-for-duty process to assess whether he could work for Cummins safely, and notified him of the necessity to undergo this assessment on or about October 5, 2012.

17. States Plaintiff-Intervenor requested to stay home from work on or about October 3, 2012, and Cummins granted that request and placed him on a paid leave of absence and subsequently initiated communications with him regarding the fitness-for-duty process, and denies the remaining allegations contained in paragraph 17 of the Complaint.

18. States the authorization speaks for itself, and denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. States the allegations contained in paragraph 22 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. States it is without sufficient information to admit or deny why Plaintiff-Intervenor did not execute the CIGNA authorization form, and further states Plaintiff-Intervenor expressed he was unclear about the assessment process and to whom the

authorization applied, and that he and Cummins engaged in continued dialogue to address his questions, and denies the remaining allegations contained in paragraph 25 of the Complaint.

26.    States it is without sufficient information to admit or deny whether Plaintiff-Intervenor was concerned or what he was concerned about, and further states that after receiving the CIGNA authorization form, Plaintiff-Intervenor expressed he was unclear about the assessment process and to whom the authorization applied, and that he thought the information sought was sensitive personal information, and that he and Cummins engaged in a continued dialogue to address his questions, and denies the remaining allegations contained in paragraph 26 of the Complaint.

27.    Denies the allegations contained in paragraph 27 of the Complaint.

28.    States Cummins terminated Plaintiff-Intervenor's employment effective January 4, 2013 because he refused to participate in a fitness-for-duty assessment to ensure he could work for Cummins safely, and denies the remaining allegations contained in paragraph 28 of the Complaint.

29.    States the allegations contained in paragraph 29 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

30.    States the allegations contained in paragraph 30 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT I.

### UNLAWFUL DISABILITY-RELATED INQUIRIES
### UNDER THE ADA

Cummins restates and realleges all previous paragraphs of its Answer.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     States the allegations contained in paragraph 32 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT II.

### UNLAWFUL REQUESTS FOR GENETIC INFORMATION
### UNDER GINA

Cummins restates and realleges all previous paragraphs of its Answer.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     States the allegations contained in paragraph 35 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT III.

### RETALIATORY DISCHARGE IN VIOLATION
### OF THE ADA

Cummins restates and realleges all previous paragraphs of its Answer.

36.     States the allegations contained in paragraph 36 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the

remaining allegations that are not conclusions of law.

37.      States the allegations contained in paragraph 37 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

38.      Denies the allegations contained in paragraph 38 of the Complaint.

39.      States the allegations contained in paragraph 39 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT IV.

### UNLAWFUL INTERFERENCE AND COERCION
### IN VIOLATION OF THE ADA

Cummins restates and realleges all previous paragraphs of its Answer.

40.      States the allegations contained in paragraph 40 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

41.      Denies the allegations contained in paragraph 41 of the Complaint.

42.      States the allegations contained in paragraph 42 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT V.

### RETALIATORY DISCHARGE IN VIOLATION OF GINA

Cummins restates and realleges all previous paragraphs of its Answer.

43.    States the allegations contained in paragraph 43 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

44.    States the allegations contained in paragraph 44 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    States the allegations contained in paragraph 46 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT VI.

## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Cummins restates and realleges all previous paragraphs of its Answer.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    States the allegations contained in paragraph 48 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

## COUNT VII.

## REPRISAL IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Cummins restates and realleges all previous paragraphs of its Answer.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    States the allegations contained in paragraph 50 of the Complaint purport to

set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

51.  Denies the allegations contained in paragraph 51 of the Complaint.

52.  States the allegations contained in paragraph 52 of the Complaint purport to set forth legal conclusions to which no responsive pleading is required, and denies the remaining allegations that are not conclusions of law.

53.  Responding to the unnumbered paragraph following "WHEREFORE," Defendant denies Plaintiff-Intervenor is entitled to damages or the relief sought.

## SECOND DEFENSE

54.  At all times relevant to this action, Cummins acted in good faith towards Plaintiff-Intervenor and Plaintiff and in compliance with applicable law.

## THIRD DEFENSE

55.  Plaintiff-Intervenor's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOURTH DEFENSE

56.  Plaintiff-Intervenor's claims may be barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

57.  To the extent Plaintiff-Intervenor can establish liability and damages, which Cummins denies, Plaintiff-Intervenor is barred from recovery, or any award of damages to Plaintiff and/or Plaintiff-Intervenor must be proportionately diminished, based on any failure by Plaintiff-Intervenor to mitigate.

**SIXTH DEFENSE**

58.    Plaintiff-Intervenor's asserted damages are preempted, limited, or restricted, in whole or in part, by statute and applicable law.

**SEVENTH DEFENSE**

59.    Cummins' actions were motivated by its goal to ensure the safety of Plaintiff-Intervenor and the rest of Cummins' workforce.

**EIGHTH DEFENSE**

60.    Plaintiff-Intervenor unreasonably failed to take advantage of preventative or corrective opportunities provided by Cummins or otherwise to avoid harm.

**NINTH DEFENSE**

61.    All employment actions that affected Plaintiff-Intervenor were taken in good faith and for legitimate, non-discriminatory, non-retaliatory, and lawful reasons.

**TENTH DEFENSE**

62.    Cummins' standards, criteria and policies are job-related and consistent with business necessity.

**ELEVENTH DEFENSE**

63.    To the extent any of Plaintiff-Intervenor's claims are untimely under the applicable statute of limitations, they are barred.

**TWELFTH DEFENSE**

64.     To the extent the Complaint raises issues not set forth in Plaintiff-Intervenor's administrative charge or makes allegations against party defendants not

-10-

named in such charge, those claims are barred by Plaintiff-Intervenor's failure to exhaust administrative remedies.

## THIRTEENTH DEFENSE

65.    There is no basis upon which Plaintiff is entitled to recover punitive damages or penalties or liquidated damages against Cummins.  In particular, Plaintiff-Intervenor is not entitled to punitive damages because Cummins' actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Plaintiff-Intervenor.

## FOURTEENTH DEFENSE

66.    One or more of Plaintiff-Intervenor's claims may be barred by laches and/or unclean hands.

## FIFTEENTH DEFENSE

67.    Plaintiff-Intervenor was an at-will employee whose employment could be terminated at any time with or without cause.

## SIXTEENTH DEFENSE

68.    Without the fitness-for-duty assessment, Cummins could not determine whether Plaintiff-Intervenor posed a direct threat.

## SEVENTEENTH DEFENSE

69.    Plaintiff-Intervenor has failed to join indispensable parties.

## EIGHTEENTH DEFENSE

70.    The forms to which Plaintiff-Intervenor objects are not attributable to Cummins.

-12-

## NINETEENTH DEFENSE

71.    Cummins gives notice it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE**, Cummins requests the Court:

1.    Dismiss Plaintiff-Intervenor's Complaint in its entirety and with prejudice; and

2.    Award Cummins such further relief as the Court deems just and appropriate.


Dated:  March 20, 2015                    FAEGRE BAKER DANIELS LLP


                                          s/ Jacqueline A. Mrachek
                                          Jacqueline A. Mrachek, MN Atty #0216434
                                            Jacqueline.Mrachek@FaegreBD.com
                                          Jennifer J. Kruckeberg, MN Atty #0337675
                                            Jenny.Kruckeberg@FaegreBD.com

                                          2200 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN  55402-3901
                                          Phone: (612) 766-7000

                                          Attorneys for Defendant

US.55843114.01