**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| | ) | |
| Equal Employment Opportunity Commission, | ) | Court File No. 14-cv-03408-SRN-SER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | **STIPULATION FOR** |
| Grant Habighorst, | ) | **PROTECTIVE ORDER** |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| | ) | |
| Cummins Power Generation Inc., a division of | ) | |
| Cummins Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that

confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following

meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34; "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      A Party may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c).  This Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Protective Order.

The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) personnel information of a confidential or personal nature (including, but not limited to: social security numbers; wage or salary information; tax information; and health insurance information); (b) sensitive, competitive, financial, trade secrets and other proprietary or confidential commercial information; (c) medical records or other health-related information of Grant Habighorst or others that is produced or revealed at any time during and as a result of this lawsuit; and (d) financial documents including but not limited to W-2 forms and 1099 forms of Grant Habighorst that are produced or revealed at any time during and as a result of this lawsuit; (e) third-party documents or information that a third-party maintains as confidential.

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the

documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4.   Access to any Confidential document shall be limited to:

(a)   the Court and its staff;

(b)   the attorneys of record, including the partners, associates, regional and associate regional attorneys, employees, paralegals and other legal support staff, of the attorneys of record and their Outside Vendors;

(c)   persons shown on the face of the document to have authored or received it;

(d)   court reporters and videographers retained to transcribe testimony;

(e)   the parties;

(f)   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

(g)   CIGNA, Dr. Marianne Lindroth and Dr. Charles Pearson;

(h)   witnesses during deposition, trial or other transcribed hearing or proceeding.

5.   Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during

3

that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and

4

substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.      If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10.      Inadvertent disclosure of material designated "Confidential" to another party without identifying the same as such and/or of attorney-client privileged and/or work-product material shall not be deemed a waiver of confidentiality, privilege or work product with regard to the material inadvertently disclosed, and shall not be deemed a waiver of confidentiality, privilege and/or work product with regard to similar material. Any such material inadvertently disclosed shall be returned to the disclosing party promptly upon receipt by the receiving party of notice of the inadvertent disclosure, and the receiving party shall keep no copies or reproductions, and shall make no use whatsoever of the material inadvertently disclosed.

11.      Nothing in this Order requires the disclosure of information, documents or things protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents or things that it contends is protected from

5

disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted – Privileged."

12.     In the event that a Producing Party inadvertently or mistakenly produces information, documents or things that are protected from disclosure under the attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work product immunity or any other identified applicable privilege or immunity.  A Producing Party may at any time notify the receiving Party of the inadvertent production in writing and request that the inadvertently produced information, documents or things, be returned to the Producing Party.  Within three (3) business days of receiving such notice and request, the receiving Party shall return the inadvertently or mistakenly produced information, documents or things identified by the Producing Party. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, except that the receiving Party may retain one copy of such material for the purpose of submitting such material to the Court under seal.  The receiving Party may challenge the claim of privilege or immunity asserted by the Producing Party upon motion to the Court.

13.     Any party may request a change in the designation of any information designated "Confidential."  Any such document shall be treated as designated until the change is completed by agreement or by Order of the Court.

If the requested change in designation is not agreed to by a party which has designated the document as "Confidential," the party designating the document as "Confidential" shall move the Court within 30 days to establish that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). If the party does not move for such an order, the party will be deemed to have agreed to that the document does not have to be treated as confidential under this Protective Order.

If a third-party has designated the document as "Confidential," the party opposing the designation may move the Court for appropriate relief, providing notice to the third-party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

14.    Within 60 days of the termination of this action, including any appeals, and upon request of the designating party, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action, as well as any documents required to be retained by law.

15.    Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such

further provisions enhancing or limiting confidentiality as may be appropriate.

16.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17.     The obligations imposed by the Protective Order shall survive the termination of this action.

Stipulated to:

Dated:  April 3, 2015                    s/ Laurie A. Vasichek
                                         Laurie A. Vasichek (Minn. No. 171438)
                                         EEOC - Minneapolis Area Office
                                         330 South Second Avenue, Suite 720
                                         Minneapolis, MN  55401
                                         Telephone:  (612) 335-4061
                                         Facsimile:  (612) 335-4044
                                         Email:  laurie.vasichek@eeoc.gov


                                         ATTORNEYS FOR PLAINTIFF


                                         s/ Marshall H. Tanick
                                         Marshall H. Tanick (Minn. No. 108303)
                                         Teresa J. Ayling (Minn. No. 157478)
                                         Hellmuth & Johnson PLLC
                                         8050 West 78th Street
                                         Minneapolis, MN 55439
                                         Telephone:  (952) 941-4005
                                         Facsimile:  (952) 941-2337
                                         Email:  mtanick@hjlawfirm.com
                                                 tayling@hjlawfirm.com

                                         ATTORNEYS FOR PLAINTIFF-INTERVENOR

8

s/ Jennifer J. Kruckeberg
Jacqueline A. Mrachek (Minn. No. 216434)
Jennifer J. Kruckeberg (Minn. No. 0337675)
Faegre Baker Daniels, LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: jacqueline.mrachek@FaegreBD.com
          jenny.kruckeberg@FaegreBD.com

ATTORNEYS FOR DEFENDANT

9

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of _____ . My

telephone number is _____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated

_____, filed in Court File No. 14-0348 (SRS-SER), pending in U.S. District

Court, District of Minnesota.  I agree to comply with and be bound by the provisions of the

Protective Order.  I understand that any violation of the Protective Order may subject me to

sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Protective Order, or the contents of such documents, to any person

other than those specifically authorized by the Protective Order.  I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the Protective

Order.

As soon as practical, but no later than 30 days after final termination of this action, I

shall return to the attorney from whom I have received them, any documents in my

possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the U.S. District Court, District of Minnesota, for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on _____
　　　　　　　　　(Date)

_____
(Signature)

11