**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Grant Habighorst,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Cummins Power Generation Inc., a division of Cummins Inc.<br><br>Defendant. | ) | Court File No. 14-cv-03408-SRN-SER |

# EEOC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS ON CUMMINS' DEFENSE THAT THE EEOC FAILED TO JOIN INDISPENSABLE PARTIES

Laurie A. Vasichek (Minn. No. 171438)
EEOC - Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Telephone: (612) 335-4061
Facsimile: (612) 335-4044
laurie.vasichek@eeoc.gov

## I. Introduction

In this action, the EEOC contends that Cummins Power Generation ("Cummins") violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA") by, among other things, demanding that its employee, Grant Habighorst, sign overbroad authorizations for the release of medical information in connection with a fitness-for-duty examination. Cummins defends that the EEOC's action is barred in whole or in part because the EEOC did not join the authors of the releases, who it alleges are indispensable parties. Because this affirmative defense cannot succeed under any set of facts, the EEOC seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## II. Background

### A. Factual Allegations.

Grant Habighorst began working for Cummins in August 2012. (Complaint, [DKT 1], ¶ 14; Amended Answer, [DKT 15], ¶ 14). In early October 2012, Cummins told Habighorst that he must undergo a fitness-for-duty examination at Cigna, Cummins' third-party provider. (Complaint, ¶ 15; Amended Answer, ¶ 15, 24; Joint Rule 26(f) Report, [DKT 6], "Concise Factual Summary of Defendant's Claims" at 2 ("Rule 26 Report")). As a

prerequisite for the examination, Cummins provided Habighorst with CIGNA's authorizations for the release of medical information. (Complaint, ¶ 16, *see* Amended Answer, ¶¶ 24-25). The authorizations required that Habighorst agree to the disclosure of "all information concerning medical care, advice, treatment, or supplies provided to me," and "all information related to or forming the basis of any medical, mental health and/or substance abuse evaluation, recommendations and/or determinations." (Complaint, ¶ 17; *see* Vasichek Decl., Ex. A, B (releases referenced in complaint)). Habighorst subsequently was provided a diagnostic assessment form from a different provider that sought information about Habighorst's family medical history, including psychiatric, chemical dependency, suicide, and major medical issues. (Complaint, ¶ 18; Vasichek Decl., Ex. C (diagnostic assessment form referenced in the complaint)).

Habighorst objected to signing the authorizations on grounds that they were overbroad and not designed to address his work at Cummins. (Complaint, ¶ 23-25; *see* Amended Answer, ¶ 24-25). Despite Habighorst's objections, Cummins did not narrow the scope of the medical records and information that the authorizations covered. (Complaint, ¶ 26). On January 4, 2012, Cummins fired Habighorst because he had not signed the disputed medical authorizations. (Complaint, ¶ 26-27; *see* Amended Answer, ¶ 27).

## B. The EEOC's Claims and Cummins' Defenses.

The EEOC initiated suit against Cummins under the ADA and GINA. It contends that Cummins violated the ADA by insisting that Habighorst sign medical authorizations that were likely to elicit disability-related information and that this information was not job-related and consistent with business necessity. (Complaint, ¶ 31-32). The EEOC asserts that Cummins violated GINA by insisting that Habighorst sign releases that would result in the disclosure of family medical history. (*Id.*, ¶ 33-35). The EEOC further asserts that Habighorst's discharge was in retaliation for his good faith objections to the authorizations, violating the ADA and GINA, and that his discharge constituted unlawful interference and coercion under the ADA. (*Id.*, ¶ 37-47).[1]

[1] The EEOC does not challenge Cummins' decision to refer Habighorst for an examination, but only the scope of the medical inquiries and its decision to terminate Habighorst because he would not sign the overly broad authorizations for release of medical records and information. Despite the limited scope of the EEOC's claims, Cummins has explained its justification for referring Habighorst for a fitness-for-duty examination in exhaustive, exaggerated detail in a past submission to the Court. (*See* Rule 26 Report at 2 [DKT 6]). If Cummins does so again in its response to this motion, the EEOC notes: (1) Cummins' descriptions are colored by highly prejudicial descriptive terms and are contested; (2) the inclusion of such inflammatory descriptions of Cummins' rationale is improper when the EEOC does not challenge the referral; and (3) Cummins is potentially harming Habighorst's future employment opportunities by filing irrelevant and exaggerated descriptions in the public record of its reasons for referring Habighorst for a fitness-for-duty examination.

Cummins denies the EEOC's claims and affirmatively alleges that the EEOC has failed to join indispensable parties, the authors of the authorizations. (Amended Answer, Twenty-First Defense, ¶ 67; *see* Vasichek Decl., Ex. D at Response to Interrogatory No. 6). According to Cummins, Cigna drafted the authorizations and required their use. (Joint Rule 26(f) Report at 2; Vasichek Decl., Ex. D at Response to Interrogatory 5). Cummins claims that it asked Cigna to modify its authorizations but Cigna refused. (Vasichek Decl., Ex. D at Response to Interrogatory No. 4). Cummins asserts that it did not see the separate diagnostic assessment form before it was sent to Habighorst. (*Id.* at Response to Interrogatory Nos. 2, 4, 5). Cummins alleges that the forms to which the EEOC objects thus are not attributable to it. (Amended Answer, Twenty-Second Defense, ¶ 68).

The EEOC moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings on Cummins' defense that the EEOC failed to join indispensable parties. Cummins cannot defend this action on the grounds that another absent entity bears responsibility for its discriminatory acts. The EEOC requested that Cummins withdraw this defense prior to bringing this motion. Cummins declined to withdraw the defense. (Vasichek Decl., Ex. E). [2]

---

[2] The EEOC also requested that Cummins withdraw its Twenty-Second Defense, where Cummins asserts, "The forms to which Plaintiff objects are not attributable to Cummins." (Vasichek Decl., Ex. F). Cummins responded

## III. Argument

### A. Legal standard.

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts should grant judgment on the pleadings if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *In re: RFC and ResCap Liquidating Trust Litigation*, Nos. 13-cv-3448 et al., 2015 WL 2451254 at *4 (D. Minn. May 21, 2015). The court views the facts pleaded by the nonmoving party as true and grants all reasonable inferences in favor of that party. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). The court generally must ignore materials that are outside the pleadings or not embraced by the pleadings, but it may consider matters in the public record or those that do not contradict the pleadings. *Porous Media*

---

by stating, "Defendant never identified its Twenty-Second Defense as an affirmative defense. Rather, it is simply one of many additional defenses Defendant identified that it will raise against the EEOC's allegations." (*Id.*)

The EEOC takes Cummins' response to mean that Cummins' Twenty-Second Defense is more in the nature of a fact allegation upon which Cummins will rely in defending the EEOC's action. Therefore, the EEOC addresses this factual assertion in connection with its motion for judgment on the affirmative defense that the EEOC failed to join an indispensable party.

*Corp.*, 186 F.3d at 1079. In resolving a motion to dismiss based upon the absence of an indispensable party, however, courts can look beyond the pleadings to resolve the issues before it. *See Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir.1990) (holding that the court could go beyond the pleadings in considering a Rule 12(b)(1) motion to dismiss for failure to join an indispensable party).

The EEOC satisfies all the requirements of Rule 12(c). The EEOC's motion will not delay trial, but instead will facilitate efficient discovery and trial by removing the contested issue of whether Cummins can defend based on its asserted lack of authorship of the releases. There are no material facts in dispute; even if the EEOC assumes all facts that Cummins has raised or could raise, Cummins cannot establish that Cigna or any other author of the releases are indispensable parties. Based upon the pleadings and matters necessarily embraced by the pleadings, therefore, the EEOC's motion for judgment on the pleadings should be granted.[3]

[3] The releases and diagnostic assessment form attached to the Vasichek Declaration are embraced by the pleadings, and therefore, can be considered by the Court. The EEOC cites to Cummins' Statement of Defenses in the parties' Joint Rule 26(f) Report and to its interrogatory responses in anticipation that Cummins will rely on facts therein in its opposition. The EEOC assumes that the facts are true for purposes of this motion.

## B. Cummins' affirmative defense that the EEOC failed to join indispensable parties fails as a matter of law.

Determining whether a non-party is "indispensable" is a two-step process. First, the objecting party must show that the person's joinder as a party is required under the Rule 19(a) of the Federal Rules of Civil Procedure, and then second, if the objecting party satisfies that provision, it must establish that the non-party is indispensable under the additional factors in Rule 19(b). *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir.1984) (holding that if the non-party does not meet the criteria of Rule 19(a), the inquiry is at an end). The ultimate question is whether the absence of the non-party would render a judgment infirm, defective or unfairly prejudicial in some fashion. *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 746 (8th Cir. 2001).

Cummins cannot satisfy Rule 19(a). Complete relief can be accorded on the EEOC's claims without the joinder of Cigna or any other third-party. Fed. R. Civ. P. 19(a)(1)(A). The non-parties' interests will not be impaired if they are not joined. Fed. R. Civ. P. 19(a)(1)(B)(i). Cummins will not be subject to multiple or inconsistent recoveries absent joinder. Fed. R. Civ. P. 19(a)(1)(B)(ii). Even without considering the additional factors of Rule 19(b), Cummins' affirmative defense that the EEOC failed to join indispensable parties should be dismissed.

### 1. Joinder is not necessary for complete relief.

The joinder of the releases' authors is not necessary for complete relief in this case. Rule 19(a)(1) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." *Notes of Advisory Committee On Rules – 1966 Amendment of Rule 19*, at "Amended Rule."

Any judgment in this case will not be partial or "hollow." Cummins is the employer subject to the requirements of the ADA and GINA and the one against whom any finding of liability or award of relief will run. *See* 42 U.S.C. § 12111(2) (defining "covered entity" under ADA to include employers); 42 U.S.C. § 2000ff-1 (prohibiting certain employer practices under GINA). Under the ADA, an employer cannot make disability-related inquires of an employee unless those inquires are shown to be job-related and consistent with business necessity. 42 U.S.C. § 12112 (d)(4)(A). While employers can require fitness-for-duty examinations under proper circumstances, any inquiry connected with the fitness-for-duty examination must be narrowly tailored to the issue of whether the employee can perform the essential functions of his job. *Scott v. Napolitano*, 717 F. Supp. 2d 1071, 1083-84 (S.D. Cal. 2010). Similarly, when an employer requires a fitness-for-duty examination and makes a request for medical information in a way that is likely to result in the disclosure of family medical history, the employer

violates GINA's prohibition against requesting or requiring genetic information. 29 C.F.R. § 1635.8(d); *EEOC Background Information to Final Rule on Title II of the Genetic Information Nondiscrimination Act of 2008*, at Q. 4, 13, *available at* http://www.eeoc.gov/laws/regulations/gina-background.cfm.

Because Cummins was the employer subject to the ADA and GINA obligations, its liability is not affected or limited even if, as Cummins asserts, it played no role in drafting the authorizations or Cigna refused to modify them after Habighorst objected. In *Arizona Governing Committee for Tax Deferred Annuity and Deferred Compensation Plans v. Norris*, 463 U.S. 1073 (1983), the Supreme Court rejected the employer's defense that it was not liable for offering retirement annuity plans that paid less to women than men because no nondiscriminatory plan was available in the open market. The Court stated that "it would be inconsistent with the broad remedial purposes of Title VII to hold that an employer who adopts a discriminatory fringe benefit plan can avoid liability on the ground that he could not find a third party willing to treat his employees on a non-discriminatory basis." 463 U.S. at 1090-91. The Court also noted that "[a]ll that is at issue in this case is *an employment practice*" and stated, "No insurance company has been joined as a defendant, and our judgment will in no way preclude any insurance company from offering annuity benefits that are calculated on the basis of

sex-segregated actuarial tables." *Id.* at 1087 n. 17 (emphasis in original).

Similarly here, it does not matter for liability or relief that Cigna drafted the authorizations or refused to modify them; Cummins was the employer subject to obligations under the ADA and GINA, and it either should have insisted on the modifications or taken its business elsewhere. *See* 29 C.F.R. § 1635.8(d) (employers' GINA obligations can include "no longer using the services of a health care professional who continues to request or require genetic information during medical examinations after being informed not to do so"). The Court will be able to award full relief, including damages and an injunction that will bind Cummins and its agents. If Cummins' agent refuses to modify the authorizations after an injunction is entered, Cummins simply must find a new agent. *Pasco Intern'l (London) Ltd. V. Stenograph Corp.*, 637 F.2d 496, 501 (7th Cir. 1980) (holding that agent was not an indispensable party where the entry of an injunction would bind the non-party as an agent of the defendant); *see EEOC v. Ind. School Dist. No. 2174*, No. 04-4087 et al., 2005 WL 1325104 at *7 (D. Minn. June 1, 2005) (holding that union was not an indispensable party in action against employer school district where complete relief could be obtained in its absence).

### 2. The interests of Cigna or any other author of the authorizations will not be impaired by this suit.

This suit will have no impact on the interests of Cigna or any other author of the challenged releases. They are not parties: they will not be subject to any finding of liability in this case; they will not be subject to any award of damages in this case; and they will not be bound by any injunction in this case except if they act as Cummins' agent in the future. *See Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 668–71 (11th Cir. 1982) (holding that, while the agent would have an interest in the litigation to the extent that liability would be based upon his alleged breach of fiduciary duty, he was not an indispensable party where the judgment would have no practical effect on him). Simply because a non-party drafted the authorizations used by Cummins or allegedly even insisted upon them does not make the non-party indispensable to this litigation. *Pasco*, 637 F.2d at 502 ("Any agent will suffer some adverse consequences when his principal is held vicariously liable on account of the agent's conduct, but this is not a sufficient interest for finding the agent indispensable under Rule 19."); *United States v. Townhomes of Kings Lake HOA, Inc.*, No. 8:12–cv–2298–T–33TGW, 2013 WL 807152, at *4 (M.D. Fla. Mar. 5, 2013) ("The fact that Mr. Pilka acted as Defendants' 'agent' does not make him a required party."); *Household Retail Services, Inc. v. CVS Systems, Inc.*, No. 95 C 2862, 1996 WL 411497, at *4 (N.D. Ill. July 18, 1996) (holding that defendant's dealers were

not indispensable parties even if they were the ones that committed the alleged wrongdoing); *Wylain v. Kidde Consumer Durables Corp.,* 74 F.R.D. 434, 436 (D. Del. 1977) ("Whenever a judgment is entered against the principal on account of his agent's conduct, some adverse consequences to the agent may reasonably be expected, but it is clear, as a general matter, that the agent is not a necessary party under Rule 19(a)(2)(i).").

Cummins may argue that Cigna or some other purported author could have an interest because Cummins might seek contribution or indemnity from them should judgment be entered against Cummins. Future litigation between the defendant and a non-party, however, does not make the non-party indispensable to the litigation. *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983) ("The focus [under Rule 19(a)] is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person."); *see Rochester Methodist Hosp.*, 728 F.2d at 1016 ("If Travelers is liable to Rochester, it may or may not be entitled to indemnity from HHS, but that issue is not before us now and would not be before us if HHS had been permitted to intervene."); *U.S. Bank, NA v. Northern Trust Co.*, 795 F. Supp. 2d 893, 897 (D. Minn. 2011) (holding that the possibility of a separate suit against the non-party does not make them necessary parties).

Moreover, Cummins has no such rights to indemnity or contribution under the ADA or GINA. The Supreme Court has been very clear: an employer's liability under the antidiscrimination laws is its own, and it cannot be shifted to some other entity that also might have had a hand in creating the problem. In *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981), Northwest Airlines sought contribution from the Transport Workers Union after the airline was found liable under Title VII and the Equal Pay Act for maintaining a discriminatory wage system in a collective bargaining agreement with the union. In considering whether contribution was available under the statutes, the Supreme Court assumed for its analysis that the facts would support contribution, including that the plaintiffs in the underlying litigation could have recovered from either the union or the employer, and that it was unfair for the employer to pay the entire judgment. 451 U.S. at 88-89.

In a unanimous decision, the Supreme Court held that the anti-discrimination statutes did not provide for contribution. The Court observed that the right to contribution was not express in Title VII or the Equal Pay Act, and therefore the claim either had to be implied in the statutes or found in federal common law. The Court held that it was not implied in the statutes, noting that employers are not members of the class for whose especial benefit the statutes were enacted, and that the comprehensive

nature of the statutes evidenced an intent not to authorize additional remedies. *Id.* at 91-95. The Court further held that there was no common law right to contribution where Congress's enactment of a comprehensive legislative scheme included an integrated system of procedures for enforcement. *Id.* at 95-97.[4]

The same is true here. The ADA and GINA do not contain an express right for employers to indemnity or contribution and were not adopted for the protection of employers. In addition, there is no implied or common law right of action under the statutes for contribution or indemnity. *Lane v. U.S. Steel*, 871 F.Supp. 1434, 1436-37 (N.D. Ala. 1994) (holding no right of contribution in ADA claim); *see Overlie v. Owatonna School District*, 341 F.Supp. 2d 1081, 1088-91 (D. Minn. 2004) (holding that there was no right of contribution under the ADEA). Thus, the interests of the non-parties in this matter will not be impaired by the EEOC suit against Cummins. These non-parties have no dog in this fight, and thus they are not indispensable parties to this litigation.

---

4 Although the Supreme Court did not address whether a right to indemnity might exist, courts have uniformly held that the same reasoning in *Northwest Airlines* barring employer claims for contribution also bars employer claims for indemnity. *Anderson v. Local Union No. 3*, 751 F.2d 546 (2nd Cir. 1984); *Bonner v. Alderson*, No. CV 02- 248-S-LMB, 2005 WL 2333829, at *4 (D. Idaho Sept. 22, 2005); *Gilmore v. List & Clark Const. Co.,* 866 F. Supp. 1310, 1312 n.2 (D. Kan. 1994).

### 3. Cummins will not be subject to multiple or inconsistent recoveries if Cigna or any other author is not joined in this litigation.

There is no threat that Cummins will be subject to multiple or inconsistent recoveries if Cigna or any other author of the releases presented to Habighorst is not joined in this litigation. Indeed, the EEOC cannot think of any argument that Cummins might make that it might be subject to any such threat. The EEOC will reserve any response, therefore, for its reply brief.

## IV. Conclusion

Cummins' assertion that the authors of its releases are indispensable parties is unfounded. Cummins cannot sidestep its responsibility under the statutes. There is no case law to support its affirmative defense, and indeed, controlling Supreme Court case law that confirms that Cummins' affirmative defense has no basis. The EEOC therefore requests that judgment be entered on the pleadings as it relates to this defense.

Dated: June 18, 2015

s/ Laurie A. Vasichek

Laurie A. Vasichek (Minn. No. 171438)
EEOC - Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
laurie.vasichek@eeoc.gov
Telephone: (612) 335-4061
Facsimile: (612) 335-4044

ATTORNEYS FOR PLAINTIFF