**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Grant Habighorst,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Cummins Power Generation Inc., a division of Cummins Inc.<br><br>Defendant. | Court File No. 14-cv-03408-SRN-SER<br><br>**DEFENDANT'S ANSWERS TO EEOC'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |

TO: Plaintiff Equal Employment Opportunity Commission and its attorneys, Laurie Vasichek, Equal Employment Opportunity Commission, Minneapolis Area Office, 330 2nd Avenue South, Suite 720, Minneapolis, MN 55401.

Defendant Cummins Power Generation Inc. ("Defendant") asserts the following objections and responses to Plaintiff EEOC's First Set of Interrogatories to Defendant.

**GENERAL OBJECTIONS**

The following paragraphs constitute Defendant's general objections to Plaintiff EEOC's First Set of Interrogatories to Defendant. These objections apply to each of Defendant's responses to individual interrogatories that follow these objections.

**1. Confidential, Privileged and Proprietary Information.**

To the extent Plaintiff's interrogatories seek private, confidential, privileged and/or proprietary information about Defendant's business operations or about third

Exhibit D

parties who are not party to this action, Defendant objects to these interrogatories on the grounds that it has a right or duty to keep such information confidential. No specific response of Defendant below constitutes a waiver of this objection.

**2. Attorney-Client Privilege and Work-Product Principle.**

To the extent Plaintiff's interrogatories seek information protected by the attorney-client privilege or the work-product doctrine, Defendant objects to such interrogatories on these grounds and will not knowingly produce such documents or information. No specific response of Defendant below constitutes a waiver of this objection.

**3. Plaintiff's Instructions.**

Defendant objects to Plaintiff's instructions regarding providing information on attempts by counsel to prepare answers and methods used to obtain information as overly broad, unduly burdensome, and seeking information protected by the attorney-client privilege and work-product doctrine. Defendant further objects to Plaintiff's instructions regarding interrogatories that request Defendant to state the basis of an allegation, contention, assertion or claim as overly broad, unduly burdensome, and seeking information protected by the attorney-client privilege, work product doctrine and the mental impressions, conclusions, opinions and theories of counsel by requiring counsel to apply facts to law. Plaintiff's instructions exceed the bounds of discovery as provided by the Federal Rules of Civil Procedure. Defendant also objects that the burden or expense associated with these instructions outweigh their likely benefit and is an undue burden.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

The information contained herein is true and correct to the best of Defendant's knowledge and belief as of the date of this response. Investigation is continuing in this case and Defendant reserves the right to amend or supplement these answers if it finds that inadvertent errors or omissions have been made or if additional or more accurate information becomes available later. Subject to and in addition to its aforementioned general objections, Defendant makes the following objections and answers to individual interrogatories:

**INTERROGATORY NO. 1:** Describe in detail all conversations or communications that you had with Grant Habighorst about the terms of the releases that he was asked to sign in connection with Defendant's proposed fitness for duty examination.

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous, particularly as to the definition of the "releases," overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to its written communications with Mr. Habighorst produced in response to Plaintiff's First Request for Production of Documents to Defendant. In addition, Linda Omoruyi, Defendant's Human Resources Leader, communicated with Mr. Habighorst regarding his questions about the release. Mr. Habighorst claims to have tape recorded those conversations and has provided copies of those recordings to Plaintiff, which Plaintiff produced to Defendant pursuant to Defendant's document requests. Defendant had no conversations or communications with Mr. Habighorst about any documents sent to him by Dr. Charles Pearson.

**INTERROGATORY NO. 2:** Describe in detail all conversations or communications that you had with Dr. Pearson about the terms of the releases that Grant Habighorst was asked to sign in connection with Defendant's proposed fitness for duty examination.

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous, particularly as to the definition of the "releases," overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving its objections, Defendant states it had no conversations or communications with Dr. Pearson about the Diagnostic Assessment form he sent to Mr. Habighorst, never reviewed the form, and was not aware Dr. Pearson sent it to Mr. Habighorst. Defendant refers Plaintiff to its communications with Dr. Pearson produced in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 3:** Describe in detail all conversations or communications that you had with Marianne Lindroth about the terms of the releases that Grant Habighorst was asked to sign in connection with Defendant's proposed fitness for duty examination.

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous, particularly as to the definition of the "releases," overly broad and unduly burdensome.

**ANSWER:** Subject to and without waiving its objections, Defendant did not discuss with Dr. Lindroth the terms of the CIGNA authorization form or the Diagnostic Assessment form sent to Mr. Habighorst by Dr. Pearson. Following Mr. Habighorst's objections to the CIGNA authorization form, Dr. Lindroth identified other providers she thought could determine whether Mr. Habighorst should undergo a fitness-for-duty exam and perform the exam if Mr. Habighorst objected to the CIGNA process.

**INTERROGATORY NO. 4:** Describe all steps taken by you to resolve any objections that Grant Habighorst raised about the terms of the releases or other forms that he was asked to sign in connection with Defendant's proposed fitness for duty examination.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, particularly as to the definition of "the releases or other forms," overly broad and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant states that following communications with Mr. Habighorst regarding the CIGNA authorization form, Defendant asked CIGNA whether the authorization form could be modified or if there was an alternative form. CIGNA told Defendant the form is a standard form it uses for all its clients and could not be modified. Defendant had no involvement with the Diagnostic Assessment form sent by Dr. Pearson to Mr. Habighorst.

**INTERROGATORY NO. 5:** If you contend that Defendant did not have the authority to make changes to the release and other forms given to Mr. Habighorst, please state the basis for that contention, including stating all facts and identifying all documents supporting or relating to that contention.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, particularly as to the definition of "the release and other forms given to Mr. Habighorst," overly broad and unduly burdensome. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to the answer to Interrogatory No. 5. CIGNA, a third-party provider with whom Defendant

contracts for services, authored and provided its authorization form to Defendant. With respect to the Diagnostic Assessment form Mr. Habighorst received from Dr. Pearson, Dr. Pearson sent that form directly to Mr. Habighorst without ever providing it to Defendant or asking Defendant whether he could send it to Mr. Habighorst.

**INTERROGATORY NO. 6:** If you contend that the EEOC failed to join an indispensable party to this litigation, state the basis of your contention, including identifying the indispensible party, and all facts and documents supporting or relating to that contention.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to its Amended Answer, which states that one of Defendant's defenses to Plaintiff's Complaint is that Plaintiff has not sued the authors of the authorizations which are the basis of Plaintiff's lawsuit.

**INTERROGATORY NO. 7:** State the basis of your contention in your Fourth Defense that the EEOC's claims are barred by estoppel, setting forth all facts and documents that support or are related to your contention.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of

counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant states discovery is continuing.

**INTERROGATORY NO. 8:** Identify any job that you believe was available to Mr. Habighorst after you terminated his employment and to which he did not apply, and set forth all facts and identify all documents that support or relate to your contention that Mr. Habighorst failed to mitigate his damages.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, particularly as to the meaning of Defendant's "beliefs," overly broad and unduly burdensome. Defendant objects to this interrogatory because it seeks information from Defendant that is not available to Defendant, particularly with regard to positions to which Mr. Habighorst did or did not apply. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant states it has asked Mr. Habighorst to provide information about his mitigation efforts through discovery requests.

**INTERROGATORY NO. 9:** Identify any "preventative or corrective opportunities provided by Cummins" that you contend Mr. Habighorst did not take advantage as set forth in your Eighth Defense, and specifically set forth when and how they were offered to Mr. Habighorst, and all facts and documents that support or are related to your contention.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this interrogatory because it

improperly inquires into the mental impressions, conclusions, opinions and legal theories of counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant states discovery is continuing.

**INTERROGATORY NO. 10:** Identify those "standards, criteria and policies" that you contend are job-related and consistent with business necessity as set forth in your Twelfth Defense, and set forth all facts and identify all documents that support or relate to your claim.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to Defendant's policies produced in response to Plaintiff's Request for Production of Documents and states discovery is continuing.

**INTERROGATORY NO. 11:** State which claim you contend is barred by laches and/or unclean hands, as set forth in your Thirteenth Defense, and identify all facts and all documents that support or relate to your claim.

**OBJECTION:** Defendant objects to this interrogatory as vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to this interrogatory because it improperly inquires into the mental impressions, conclusions, opinions and legal theories of

counsel and because it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant states discovery is continuing.

**INTERROGATORY NO. 12:** Describe each time that Defendant has approached or discussed with Cigna modifying the terms of the medical release forms used for fitness for duty examinations, identify all persons involved in those communications, and identify all documents relating to those communications.

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous, particularly as to the meaning of "approached" and "medical release forms," overly broad and unduly burdensome. Defendant objects to this interrogatory as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as assuming facts not supported or supportable by evidence because it assumes that the forms CIGNA provides to its clients, such as Defendant, for referral to an Employee Assistance Program (EAP) counselor to determine whether a fitness-for-duty exam is necessary are the same forms it uses when a fitness-for-duty exam is conducted. Defendant further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to the December 10, 2009 letter from in-house attorney for Defendant, Dan Del Genio, to CIGNA. Any related communications with CIGNA regarding the matters addressed in the letter took place over five years ago, and thus Defendant does not have further records of its communications with CIGNA regarding its expectation that CIGNA comply with the

Genetic Information Nondiscrimination Act (GINA) and not provide Defendant with genetic information on any employee following the effective date of the law in 2009. Upon information and belief, CIGNA, at a minimum, responded to Mr. Del Genio's letter by telephone communication to assure Mr. Del Genio and Defendant that CIGNA's processes complied with GINA, and that CIGNA would not provide Defendant with genetic information on any employee pursuant to Defendant's request. Defendant also refers Plaintiff to the answer to Interrogatory No. 4.

**INTERROGATORY NO. 13:** If Defendant did not approach or discuss with Cigna modifying the terms of the medical release form and other forms given to Grant Habighorst, why not?

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous. Defendant further objects that this interrogatory assumes a fact not supported or supportable by evidence. Defendant further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to the answer to Interrogatory No. 4.

**INTERROGATORY NO. 14:** State in detail what compensation you would have been or may have been paying Grant Habighorst, including all raises and benefits to which he would have been eligible, had you not terminated his employment.

**OBJECTION:** Defendant objects to this interrogatory as vague and ambiguous, particularly as to the meaning of compensation Defendant "would have been or may have been paying," overly broad, unduly burdensome and speculative. Defendant further objects that this

interrogatory assumes facts not supported or supportable by evidence because Mr. Habighorst's employment was terminated.

**ANSWER:** Subject to and without waiving its objections, Defendant refers Plaintiff to the offer letter and Employment Offer Value Summary produced in response to Plaintiff's Request for Production of Documents.

**AS TO OBJECTIONS:**

FAEGRE BAKER DANIELS LLP

Dated: May 29, 2015

Jacqueline A. Mrachek, MN Atty #0216434
Jacqueline.Mrachek@FaegreBD.com
Jennifer J. Kruckeberg, MN Atty #0337675
Jenny.Kruckeberg@FaegreBD.com

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

Attorneys for Defendant
Cummins Power Generation Inc.

**AS TO ANSWERS:**

STATE OF INDIANA )
) ss.
COUNTY OF MARION )

Linda Omoruyi, being first duly sworn, says that she is a Human Resources Director for Cummins Inc., that she has read the foregoing EEOC's First Set of Interrogatories to Defendant, that the answers are based upon information provided by various persons within Defendant, and that the answers are correct to the best of her knowledge, information and belief.

Subscribed and sworn to before me this 27th day of May, 2015.

Notary Public

LAURA D. POYNTER
Notary Public- Seal
State of Indiana
My Commission Expires Sep 20, 2020



US.56405719.03