IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission, )
                                                   ) Civil Case No.:  14-cv-3408 (SRN/SER)
           Plaintiff,           )
                                                   )
    and                                     ) **PLAINTIFF-INTERVENOR**
                                                   ) **GRANT HABIGHORST'S**
Grant P. Habighorst,                ) **MEMORANDUM OF LAW IN**
                                                   ) **SUPPORT OF MOTION FOR**
              Plaintiff-Intervenor,     ) **JUDGMENT ON THE PLEADINGS**
                                                   ) **ON CUMMINS' DEFENSE THAT**
v.                                              ) **HE FAILED TO JOIN**
                                                   ) **INDISPENSIBLE PARTIES**
Cummins Power Generation, Inc., a division  )
of Cummins, Inc.                    )
                                                   )
             Defendant.          )

## I.    INTRODUCTION

Plaintiff-Intervenor Grant Habighorst intervened in this action brought by the EEOC against Cummins Power Generation alleging that Cummins violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA") when it required that Habighorst sign a series of overbroad medical releases as part of a fitness for duty process, and discharged him when he sought to have the releases modified in compliance with the law.

Cummins defends against the claims brought by the EEOC and Habighorst claiming that its agents, the authors of the releases, are indispensible parties in this action. *See* Seventeenth Defense, ¶ 69 of Defendant's Answer to Plaintiff-Intervenor's Complaint. Doc. 17, p. 11.

1

Because Cummins affirmative defense cannot succeed based on any facts, Habighorst seek judgment on the pleadings on Cummins affirmative defense under Rule 12(c) of the Federal Rules of Civil Procedure and Minnesota Local Rule 7.1.

## II.    THE AFFIRMATIVE DEFENSE SHOULD BE DISMISSED

In its Answer to the EEOC's Complaint, Cummins made the same affirmative defense that its agents, the authors of the overbroad releases, are indispensible parties in this action.  The EEOC brought a motion for judgment on the pleading regarding the affirmative defense.   The factual background and argument in the motion and memorandum of law submitted by the EEOC apply equally to Habighorst.

For that reason, Grant Habighorst incorporates herein by reference the Background and Argument sections of the EEOC set forth in the EEOC's Memorandum In Support of Its Motion for Judgment on the Pleadings on Cummins' Defenses that the EEOC Failed to Join Indispensable Parties and the Declaration of Laurie Vasichek and the exhibits thereto.

## III.    CONCLUSION

For the reasons set forth in the memorandum of law of the EEOC, Cummins, as Habighorst's employer, is responsible to treat him in accordance with the provisions of the ADA and GINA, whether it undertakes those responsibilities directly, or outsources them to agents.  There is no support for the argument that Cummins can escape its legal obligations by outsourcing its legal responsibilities.  Its affirmative defense of failure to join indispensable parties has no basis in law, and Plaintiff-Intervenor Habighorst therefore requests that judgment be entered on the pleadings related to that defense.

**HELLMUTH & JOHNSON, PLLC**

Date: June 18, 2015

By: ___*s/ Teresa J. Ayling*___

Marshall H. Tanick (#108303)
Teresa J. Ayling (#157478)
8050 West 78th Street
Edina, MN 55439
(952) 941-4005 (phone)
(952) 941-2337 (fax)
mtanick@hjlawfirm.com
tayling@hjlawfirm.com

**ATTORNEYS FOR INTERVENOR
GRANT P. HABIGHORST**

3