**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Grant Habighorst,<br><br>Plaintiff-Intervenor,<br>v.<br><br>Cummins Power Generation Inc., a division of Cummins Inc.,<br><br>Defendant. | Court File No. 14-cv-03408-SRN-SER<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO EEOC'S MOTION FOR JUDGMENT ON THE PLEADINGS ON CUMMINS' DEFENSE THAT THE EEOC FAILED TO JOIN INDISPENSABLE PARTIES** |

## INTRODUCTION

Plaintiff has confused and obscured several standards in an improper attempt to cloud the issues and obtain the extraordinary relief it seeks: precluding Defendant's ability to preserve a defense it has properly plead. Plaintiff motion is without proper basis in law and fact and should be dismissed.

## FACTUAL BACKGROUND

### A. Plaintiff-Intervenor's Behavior Raised Serious Concerns For The Safety Of Himself And Others In The Workplace

Defendant hired Plaintiff-Intervenor in August 2012. ECF No. 1 ("Compl.") ¶ 14; ECF No. 15 ("Am. Answer") ¶ 14. Within the first two months of his employment, Plaintiff-Intervenor exhibited disturbing behavior and wrote a lengthy letter to a supervisor which raised serious concerns regarding whether Plaintiff-Intervenor posed a threat to himself or others. Am. Answer ¶ 15; ECF No. 6 ("26(f) Report") at 2. Plaintiff does not dispute that the behavior and statements by Plaintiff-Intervenor were alarming such that Cummins was justified in requiring Plaintiff-Intervenor to undergo a fitness-for-duty assessment due to serious concerns for the safety of Plaintiff-Intervenor and his co-workers. *See* ECF No. 23 ("Pl. Mem.") at 4, n.1 ("The EEOC does not challenge Cummins' decision to refer Habighorst for an examination….").[1]

---

[1] Defendant objects to Plaintiff's inflammatory and irrelevant footnote 1 on page 4 of its Memorandum which maligns Defendant for providing a summary of its defenses to Plaintiff's claims in the 26(f) Report. Plaintiff's objections regarding this matter have already been dismissed as inappropriate by Magistrate Judge Steven Rau, who denied a stipulation by the parties that was initiated upon Plaintiff's insistence to seal portions of Defendant's summary of its defenses in the 26(f) Report. Defendant stipulated on the issue only because motion practice over such a minor issue would have been a waste of both the Court's and the parties' resources. In any event, that dispute is not relevant here, has been addressed and denied by Magistrate Judge Rau, and has no place to be reargued in this motion. Plaintiff-Intervenor has voluntarily subjected himself and his workplace behavior to a public forum by filing a lawsuit against a former employer that would never have occurred absent his behavior. Filing such a lawsuit inherently requires that basic facts about events that gave rise to the suit will become public. Defendant has the right and opportunity to defend itself and provide critical factual context

(continued on next page)

### B. Defendant Placed Plaintiff-Intervenor On Paid Leave Pending The Outcome Of The Fitness-for-Duty Assessment Process

Defendant placed Plaintiff-Intervenor on paid leave to protect the safety of its employees pending the results of a fitness-for-duty assessment of Plaintiff-Intervenor. *See* Compl. ¶ 15; Am. Answer ¶ 15. Defendant contracts with a well-known vendor used by employers nationwide, Cigna, to provide employment-related services including the fitness-for-duty assessment process. 26(f) Report at 2; *see* Am. Answer ¶¶ 24-25. The process is controlled entirely by Cigna, and Defendant receives only the ultimate conclusion reached by mental health professionals of whether the employee may or may not return to work with or without reasonable accommodations. *See* 26(f) Report at 2.

Cigna's first step in the fitness-for-duty process is to require employees to sign an authorization form allowing mental health professionals to gather information necessary to assess the employee's fitness for duty. *See id.* In October 2012, Defendant sent Cigna's authorization form to Plaintiff-Intervenor to initiate the process to determine whether he could work for Cummins safely. Am. Answer ¶ 15.

Plaintiff-Intervenor objected to the Cigna form. *See* Compl. ¶¶ 23-24; Am. Answer 24-25. Defendant engaged in continued dialogue with Plaintiff-Intervenor to

---

(continued from previous page)

regarding what it believes to be Plaintiff's misconstrued portrayal of the facts. Contested facts are part of litigation and cannot simply be removed by Plaintiff at the beginning of the lawsuit. Moreover, Plaintiff's concern regarding the alleged harm to Plaintiff-Intervenor's ability to gain new employment is without basis because Plaintiff-Intervenor has asserted in initial discovery that he is currently employed.

address his questions about Cigna's form, but Plaintiff-Intervenor remained dissatisfied and refused to sign the form Cigna required in order to begin the assessment process. Compl. ¶¶ 24-25; Am. Answer ¶¶ 24-25. At Plaintiff-Intervenor's request to see a mental health professional outside of Cigna who did not require execution of the Cigna form, Defendant had discussions with a third-party physician, Dr. Charles Pearson. Dr. Pearson sent Plaintiff-Intervenor a form (without any knowledge of, or authorization by, Defendant) but then decided the process was outside the scope of his private practice and declined to participate in the fitness for duty assessment process before he was ever retained. *See* Pl. Mem. at 3; ECF No. 24-3 ("Vasichek Decl. Ex. C"); Compl. ¶18. Plaintiff has objected that the form sent by Dr. Pearson included a section regarding Plaintiff-Intervenor's family history. Compl. ¶18.

### C. Plaintiff And Plaintiff-Intervenor Have Based Their Lawsuit On The Authorization Forms And Moved For Judgment On The Pleadings On One Of Defendant's Defenses: Failure To Join Indispensable Parties

Plaintiff filed suit against Defendant alleging the Cigna authorization form and the form sent to Plaintiff-Intervenor by Dr. Pearson violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA"). Defendant filed its Amended Answer to Plaintiff's Complaint on March 2, 2015. Among its defenses to Plaintiff's Complaint, Defendant included as its Twenty-First defense that, "Plaintiff has failed to join indispensable parties, the authors of the authorizations." Am. Answer ¶ 67. Plaintiff filed this motion for judgment on the pleadings on June 18, 2015, asking the Court to strike the Twenty-First defense.

## ARGUMENT

Defendant has properly pled and preserved as one of its defenses the failure to join potential indispensable parties. Plaintiff's motion seeking dismissal of this defense fails because it was raised under the wrong rule, is untimely, does not satisfy any conceivable standard of review Plaintiff might try to apply, and is premature and futile.

### A. Plaintiff Has Attempted To Bypass The Proper Basis To Strike A Defense

Plaintiff has improperly attempted to bypass the proper standard of review and time limit for its motion by moving under the incorrect rule. A Rule 12(c) motion to strike is not the appropriate method by which to strike a defense pled in an answer. *See Owner-Operator Indep. Drivers Ass'n*, No. 05-2809, 2007 WL 1576120, at *6 (D. Minn. June 27, 2007) (denying plaintiff's motion to strike a defense under the appropriate 12(f) motion to strike standard pursuant to plaintiff's alternative motions under Rules 12(c), 12(f) and 56); *Haley v. Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) (holding that a motion to strike some affirmative defenses from a responsive pleading is appropriately resolved under a Rule 12(f) motion to strike, not a Rule 12(c) motion for judgment on the pleadings). This Court also recently held that upon considering alternative motions to strike and for judgment on the pleadings regarding affirmative defenses, the plaintiff's motion was appropriately considered under the Rule 12(f) motion to strike standard and declined to address the plaintiff's arguments pursuant to a motion for judgment on the pleadings under Rule 12(c). *See In re: RFC &*

*Rescap Liquidating Tr. Litig.*, No. 13-3451, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015) ("The Court finds Plaintiffs' motion appropriate under Rule 12(f).").

Thus, as this Court has previously determined, the proper standard to consider Plaintiff's motion is under Rule 12(f) for a motion to strike. Consequently, Plaintiff's motion should be denied because it was not filed pursuant to the appropriate Rule.

**B. Even If Plaintiff Had Properly Moved Under Rule 12(f), The Motion Fails Procedurally And On The Merits**

Even if Plaintiff had properly styled its motion as a Rule 12(f) motion to strike, the motion would still fail because it is untimely and does not rise to the high standard of striking such a defense. Under Rule 12(f), a court may strike from the pleadings an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). Striking any part of a party's pleading is considered an "extreme measure." *Id.* Motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id.* at 1059; *see BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "If there is any doubt whether the matter may raise an issue, the motion [to strike] should be denied." *Southwestern Bell Tel., L.P. v. Missouri Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006).

1. <u>Plaintiff's Motion Is Untimely</u>

A party must bring a motion to strike within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). Here, Defendant served and filed its Amended Answer on March 2, 2015 but did not serve and file its motion seeking to strike the

defense until June 18, 2015—nearly three months after the deadline of March 23rd. Thus, Plaintiff's attempt to strike the defense must be denied on this basis alone.

2. Plaintiff's Requested Extreme Remedy Fails On The Merits

Even if Plaintiff's motion was not barred because of untimeliness, it would also fail on the merits. The Eighth Circuit has asserted that an affirmative defense "need not be articulated with any rigorous degree of specificity and is sufficiently raised for purposes of Rule 8 by its bare assertion."[2] *See U.S. Bank Nat'l Ass'n v. Educ. Loans Inc.*, No. 11-1445, 2011 WL 5520437, at * 7 (D. Minn. Nov. 14, 2011) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)). Moreover, Rule 8(b)(1)(A) requires only that defenses are stated in "short and plain terms." "An affirmative defense is not a claim for relief, and neither Rule 8(a)(2) nor any other rule requires a defendant to plead facts 'showing' that the plaintiff is *not* entitled to relief." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (emphasis in original).

When ruling on a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011). An affirmative defense should not be stricken "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it is has no essential or important relationship to the

---

[2] As discussed in Section II.D below, the defense challenged by Plaintiff has not been labeled an "affirmative defense" and is not appropriately characterized as such by Plaintiff. Nonetheless, Defendant provides this analysis as another defense to Plaintiff's arguments.

claim for relief." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, No. 4:08-CV-243, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008).

Rule 19(a) regarding indispensable parties states that a party can be required to be joined to an action if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). If a party is determined to be indispensable under Rule 19(a), the court then considers whether to exercise its equitable powers to dismiss an action if an indispensable party cannot be joined by considering a number of factors including the prejudice to that person or the existing parties if the indispensable party is not joined, whether judgment without the party would be adequate, and whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder under Rule 19(b). Fed. R. Civ. P. 19(b). Rule 19 is a highly fact-dependent and context-sensitive inquiry that varies significantly from case to case. *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 122 (1968); *Shields v. Wilkinson*, No. 13-3773, 2015 WL 3634541, at *6 (8th Cir. June 12, 2015); *see Fort Yates Pub. Sch. Dist. v. Murphy*, 786 F.3d 662, 671 (8th Cir. 2015) ("Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor. . . ." (quotation omitted)). The Supreme Court has recognized that a defending party has a legitimate interest in avoiding sole responsibility for liability which it may share with or be attributable to another. *Patterson*, 390 U.S. at 110.[3]

---

[3] By way of example, numerous courts have required parties to be joined who had ultimate responsibility for various events at issue in the case. *See, e.g., Soberay*

(continued on next page)

Defendant has appropriately pled in short and plain terms that one of its defenses may be that the authors and sponsors of the authorizations would be partly or wholly responsible should any liability be found. Although Defendant denies any liability is warranted, it nevertheless has the right to assert this potential defense which could prove essential as the litigation develops.

The Twenty-First defense clearly provides the short and plain statement and necessary notice of the defense as contemplated by Rule 8. Any contrived argument by Plaintiff that a heightened pleading standard is suddenly required by Rule 8 is unfounded.

### C. Plaintiff's Preferred Motion For Judgment On The Pleadings Fails

Even if the Court were to consider Plaintiff's motion under Rule 12(c)-judgment on the pleadings,[4] Plaintiff's motion still fails. Similar to the standard under Rule 12(f), a court may not grant judgment on the pleadings under Rule 12(c) unless "no material issue of fact remains to be resolved and the moving party is entitled to judgment **as a matter of law**." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (emphasis supplied). Such a motion is only appropriate "when the material facts are not

---

(continued from previous page)

*Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 768 (6th Cir. 1999) (defendant's agent was indispensable party to lawsuit where agent acted independently and controlled actions toward plaintiff); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (patient's employer was indispensable party to lawsuit by patient against insurer where employer had ultimate responsibility for medical plan at issue).

[4] As discussed in Section II.B, however, Plaintiff should not be permitted to circumvent an untimely motion under Rule 12(f) by bringing the motion under Rule 12(c).

in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 930 (D. Minn. 2014). When considering a motion for judgment on the pleadings, a reviewing court must accept all facts pleaded by the non-moving party as true and grant all inferences in favor of that party. *Poehl*, 528 F.3d at 1096.

Here, Defendant has properly pled a defense which necessarily involves disputed material facts including (a) the type of relationship (or lack thereof) between Defendant and the authors of the authorizations; (b) any representations made by the authors of the authorizations to Defendant regarding compliance with the statutes at issue; (c) the communications, documentation, and instructions between Defendant and the authorization authors regarding the information which Defendant would, and would not, receive; (d) and any communications and representations made directly by the authors to Plaintiff-Intervenor of which Defendant had no involvement or knowledge. At this early stage of litigation, the parties have not yet determined with certainty what these disputed material facts may yield with respect to the defense pled, but that level of development is not required to properly plead and reserve the defense in a responsive pleading. *See* Fed R. Civ. P. 8(b)(1)(A); *Folger*, 43 F. Supp. 3d at 930.

The case Plaintiff relies upon to allegedly dispose of the issue was based on the Equal Pay Act and Title VII, not the ADA and GINA, and involved a distinct set of facts regarding a union's role in paying unlawfully low wages which are not applicable here. *See Northwest Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77 (1981). Within the numerous citations to far-reaching caselaw cited by Plaintiff in opposition to the

indispensable party defense, Plaintiff has not cited any authority on the operation of the defense with respect to GINA—the relevant statute. Defendant has properly pled the defense of failure to join an indispensable party and thus Plaintiff's motion should be denied.

### D. The Defenses Plaintiff Seeks To Dismiss Are Not Affirmative Defenses And Were Never Characterized As Such By Defendant

Critically, it is unnecessary for the Court to analyze the appropriate standard of review to apply to Plaintiff's motion to strike an affirmative defense because the defense to which Plaintiff has objected is not an affirmative defense. The Federal Rules of Civil Procedure allow the defense of failure to join an indispensable party to be asserted in an answer, but the defense is not properly characterized as an affirmative defense. *See U.S. Bank*, 2011 WL 5520437, at * 7 ("Plaintiff is again correct that failure to join an indispensable party is not technically an affirmative defense, [but] Rule 12 allows it to be asserted in an answer . . . ."). The defense may be raised at any time until trial. *See Patterson*, 390 U.S. at 109.[5] Striking such a defense from a responsive pleading serves no purpose and is improper. *See U.S. Bank*, 2011 WL 5520437, at * 7 (denying motion to strike a defense that could be raised as late as trial and that was not technically an

---

[5] While the majority of courts hold that the defense may be raised at any time, Defendant chose to plead the defense in its Amended Answer to preserve the defense given it was aware that it did not author the authorizations at the time of the filing of the Complaint, and a few courts have noted that the defense could be waived if the facts were known earlier. *See, e.g.*, *Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l. Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981); *Fetzer v. Cities Serv. Oil Co.*, 572 F.2d 1250, 1255 (8th Cir. 1978).

affirmative defense as serving no real purpose); *Izzard v. Credit Fin. Servs., Inc.*, No. 1:13CV998, 2014 WL 1330548, at * 2-3 (M.D.N.C. Apr. 2, 2014) (holding that given that a defense that was included in a responsive pleading and was simply mislabeled an affirmative defense, it was not subject to being stricken given that it was not truly an affirmative defense and could be raised at any time up until trial).

Additionally, failure to join an indispensable party is not properly termed an affirmative defense, as exhibited by its lack of inclusion under the possible list of affirmative defenses provided by Rule 8(c). Moreover, Defendant never characterized the defense as an affirmative defense. Striking defenses that are not technically affirmative defenses and that may be raised at various stages throughout the litigation is a futile exercise. *See id.*

Remarkably, in footnote 2 on pages 5-6 of its brief, Plaintiff attempts to argue that the Court should not only strike the defense of failure to join an indispensable party, but should also prevent Defendant from making any factual denials related to its Twenty-Second defense which states, "The forms to which Plaintiff objects are not attributable to [Defendant]." The Court should not entertain Plaintiff's misguided effort to prevent Defendant's ability to use factual defenses to defeat elements of Plaintiff's claims, such as its lack of involvement with the forms to which Plaintiff objects, which is fundamentally available to every litigant against whom a claim is made. "A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *Liguria Foors, Inc. v. Griffith Labs., Inc.*, No. C14-3041, 2014 WL 6066050, at *3 (N.D. Ia. Nov. 13, 2014) (denying plaintiff's attempt to strike a defense that constituted a denial

of an element of the plaintiff's claim as inappropriate because it was not an affirmative defense). Plaintiff fundamentally cannot bar a defendant's ability to show that factual defenses work as a denial to defeat elements of a plaintiff's claim.

**E. Plaintiff Has Failed To Provide A Basis For The Court To Consider Documents Outside The Pleadings**

The Court should also disregard Plaintiff's unnecessary and burdensome attempt to require the Court to consider additional documents on its motion for judgment on the pleadings. Plaintiff argues that the Court should consider documents outside the pleadings by claiming they are appropriate "[i]n resolving a motion to dismiss based on the absence of an indispensable party." Pl. Mem. at 7. No one has brought a motion to dismiss based on the absence of an indispensable party. Instead, Plaintiff has moved to strike a defense from Defendant's Amended Answer by bringing a motion for judgment on the pleadings.

Moreover, the *Osborn* case cited by Plaintiff did not even involve a motion for failure to join an indispensable party, but rather a motion to dismiss for lack of subject matter jurisdiction. *See Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990). The authority cited by Plaintiff to support its position that the Court should consider evidence outside the pleadings is not applicable, and the Court should disregard it.

Even if the Court were to consider the materials extraneous to the pleadings, the documents provided by Plaintiff actually support the legitimacy of the defense at issue. Exhibits A and B to Laurie Vasichek's Declaration are copies of the Cigna authorization form that Cigna requires employees to sign to begin the fitness-for-duty assessment

process. *See* ECF Nos. 24-1 and 24-2 ("Vasichek Decl. Exs. A and B"). The form notes at the bottom that the "[p]urpose of this release of information" is "[t]o authorize CIGNA health care professionals and/or employee assistance professionals . . . to perform independent . . . mental health . . .evaluations." Vasichek Decl. Ex. A. Exhibit C to Vasichek's Declaration is clearly labeled at the top "West Metro Psychiatry, PC (office of Charles and Susan Pearson, MDs)", the third-party doctor who sent Plaintiff-Intervenor a form to which Plaintiff objects. These exhibits demonstrate that other parties not currently joined to the lawsuit have authorship and central roles to the forms on which Plaintiff bases its lawsuit. Nowhere on any of the three forms is Defendant's name.

Thus, while considering documents outside the pleadings is not necessary or appropriate to Plaintiff's motion, the cited exhibits support the material fact issues underlying the indispensable party defense.

**F. Plaintiff's Motion Is An Unnecessary Drain On Judicial Resources**

Plaintiff's motion should also be denied because it places an unnecessary burden on the Court and serves no real purpose. Not only is Plaintiff's motion premature because the parties are in the initial stages of discovery and the defense is one Defendant may properly assert up until trial, but Defendant also has not moved the Court to dismiss any single claim for failure to join an indispensable party and is only preserving its ability to do so. If Defendant were to bring such a motion once discovery has progressed and the issues became suitably developed for such a motion, Plaintiff would have every opportunity to defend against the motion at that time.

Judge Richard Kyle has opined on a similar motion to strike various defenses regarding the waste of resources expended by such a motion:

> While the Court has duly analyzed each of the affirmative defenses as this Motion requires, the entire Motion seems to be, to borrow a phrase, "much ado about nothing." The parties have undoubtedly expended many hours preparing and defending the Motion, advancing countless and sometimes highly technical reasons why each affirmative defense should be stricken. Yet regardless of the outcome and despite the Court's resources demanded by this Motion, it does little to advance or streamline the action.

*U.S. Bank*, 2011 WL 5520437, at *6, n. 5. The exact same analysis is true of Plaintiff's motion, which is a needless drain on the Court's valuable resources and unnecessarily costly to Defendant.

Plaintiff has gone into excruciating detail trying to analogize factually-dissimilar caselaw from remote jurisdictions as a red herring to fight a motion to dismiss for failure to join indispensable parties—a motion Defendant has not even brought. Plaintiff cannot distract the Court from the proper question at hand: whether Plaintiff may move for judgment on the pleadings at this early stage of the litigation and have the defense of failing to join indispensable parties stricken from its Amended Answer.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings is flawed and improper—both procedurally and on the merits. Accordingly, Defendant respectfully requests Plaintiff's motion be denied based upon the foregoing reasons.

FAEGRE BAKER DANIELS LLP

Dated: July 9, 2015

s/ Jennifer J. Kruckeberg
Jacqueline A. Mrachek, MN Atty #0216434
Jacqueline.Mrachek@FaegreBD.com
Jennifer J. Kruckeberg, MN Atty #0337675
Jenny.Kruckeberg@FaegreBD.com

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Phone: (612) 766-7000

Attorneys for Defendant
Cummins Power Generation Inc.