# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Court File No. 14-cv-03408-SRN-SER ) |
| Plaintiff, | ) ) ) |
| and | ) ) |
| Grant Habighorst, | ) ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) |
| Cummins Power Generation Inc., a division of Cummins Inc. | ) ) ) |
| Defendant. | ) ) |

## EEOC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Laurie A. Vasichek (Minn. No. 171438)
EEOC - Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN  55401
Telephone:  (612) 335-4061
Facsimile:  (612) 335-4044
laurie.vasichek@eeoc.gov

1

# I. Introduction

In its opening brief, the EEOC established that Cummins could not prevail under any set of facts on its defense that the EEOC failed to join an indispensable party. The EEOC showed that controlling Supreme Court precedent, *Arizona Governing Committee for Tax Deferred Annuity and Deferred Compensation Plans v. Norris*, 463 U.S. 1073 (1983), barred Cummins from attempting to shift its liability onto Cigna or some other third party. The EEOC further showed that additional Supreme Court precedent, *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981), similarly barred any claim that Cummins could recover from the third party in contribution or indemnity.

Cummins does not address the merits of the EEOC's motion. Instead, it argues that the EEOC's motion is procedurally improper, and should have been brought under Fed. R. Civ. P. 12(f); it then argues that the EEOC's motion should be denied because it is untimely under Rule 12(f). It asserts that its answer meets the pleading requirements for a short, plain statement, even though the EEOC never asserted that it did not. Cummins argues that it is too early in discovery for this motion, but it never explains how additional facts will make a difference. It contends that its defense that the

EEOC failed to join an indispensable party is not really an affirmative defense, but never explains why that matters.  Cummins asserts that the EEOC's motion is a drain on judicial resources despite the fact that Cummins utterly fails to address the merits of the EEOC's motion.

Because Cummins' defense fails as a matter of law, the Court should grant the EEOC's motion for judgment of the pleadings of this defense under Rule 12(c) of the Federal Rules of Civil Procedure.

## II. Argument

**A.   The EEOC's motion was appropriately brought under Rule 12(c).**

The EEOC brings its motion for judgment under Rule 12(c) of the Federal Rules of Civil Procedure.  Defendant argues that the EEOC should have brought its motion under Rule 12(f), which contains a 21-day time period and thus would make the EEOC's motion untimely.  As this Court noted in *In re: RFC and ResCap Liquidating Trust Litigation*, Nos. 13-cv-3448 et al., 2015 WL 2451254 at *4 (D. Minn. May 21, 2015), however, plaintiffs can alternatively seek to dismiss affirmative defenses under Rule 12(c) or Rule 12(f).  *See also Aaron v. Martin*, No. 4:11CV1661 FRB, 2013 WL 466242, at *2 (E.D.Mo. Feb.7, 2013) (noting that the federal rules "provide two ways for a party to challenge the sufficiency of an affirmative defense: a motion for judgment on the pleadings under Rule 12(c), or a motion to strike

3

under Rule 12(f)") (cited in *In re: RFC*).

The cases cited by Cummins do not say otherwise.  There was no discussion in *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, No. CIV. 05-2809 JRT/JJG, 2009 WL 799614, at *6 (D. Minn. Mar. 24, 2009) *aff'd*, 651 F.3d 857 (8th Cir. 2011), about whether Rule 12(c) or 12(f) or Rule 56 was the best vehicle to seek to dispose of a legally deficient defense.  Similarly, the court in *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 337 (D. Md. 2012), found Rule 12(f) was more appropriate in that case, but noted that Rule 12(c) was appropriate where "all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  *Id.* (quoting 5C Wright & Miller, Federal Practice and Procedure § 1367, at 208 (3d ed. 2004)).

Here, the EEOC does not controvert any of Cummins' allegations of fact.  Nor is the EEOC asserting that Cummins merely failed to provide a short, plain statement of its defense as required by Fed. R. Civ. P. 8, or that it did not plead a sufficient factual basis under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) or *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Instead, the EEOC is asserting that Cummins cannot assert the "indispensable party" defense as a matter of law.  This motion is, therefore, appropriately brought under Rule 12(c).

**B.    Judgment on the pleadings is appropriate where there are no disputes of material fact on Cummins' defense.**

Cummins asserts that its defense involves "disputed material facts," such as its relationship with Cigna or other authors of the authorizations, any representations made by Cigna or other authors to it, and any instructions that it gave to Cigna or other authors. (Def. Mem. at 10). In addition, although Cummins asserts that the Court should not review the authorizations themselves, it concurrently argues that "[t]hese exhibits demonstrate that other parties not currently joined to the lawsuit have authorship and central roles to the forms on which Plaintiff bases its lawsuit," and "support the material fact issues underlying the indispensable party defense." (Def. Mem. at 13-14).

These facts are irrelevant. Cummins cannot prevail on its defense as a matter of law. The facts could show that Cigna or another author had Cummins over a barrel, refusing to modify the unlawful authorization. Cummins is still responsible for the violations of the ADA and GINA. That is the lesson of *Norris,* where the Supreme Court held that an employer could not offer a sex-based annuity even if that was all that was available in the market. 463 U.S. at 1090-91.

The facts could show that Cigna or another author disregarded Cummins' instructions, and Cummins still could not obtain contribution or indemnification from these third parties. That is the lesson of *Transport Workers Union*, where the Court said that, even assuming all facts traditionally needed to support a contribution claim, 451 U.S. at 88-89, the employer still could not obtain contribution under Title VII from a third party. *Id.* at 91-97. For these same reasons, Cummins cannot obtain contribution or indemnity from third parties under the ADA or GINA, statutes that incorporate Title VII's enforcement provisions. *See* ADA, 42 U.S.C. § 12117(a) (incorporating Title VII); GINA, 42 U.S.C. § 2000ff-6(a) (same).

The EEOC is willing to assume whatever facts the Defendant should want to assert. The defense that the EEOC failed to join indispensable parties is still unavailable as a matter of law, and it is not going to become available with additional discovery.

## C.  The EEOC's motion is not premature.

Cummins also argues that its allegation that the EEOC failed to join an indispensable party is simply a "defense" and not an "affirmative defense." It asserts that dismissing this defense is improper because the defense can be raised as late as trial. Yet to support this assertion, Cummins cites a case in which the court struck a failure to join indispensable parties defense after a

6

motion to strike, despite the fact that the defense could be raised as late as trial. *U.S. Bank Nat. Ass'n v. Educ. Loans Inc.,* No. CIV. 11-1445 RHK/JJG, 2011 WL 5520437, at *7-8 (D. Minn. Nov. 14, 2011). In *U.S. Bank*, the district court noted that complete relief could be accorded among the existing parties without resulting in inconsistent obligations. The court therefore held that there was no ostensible basis for the defense of failure to join indispensable parties, and granted the motion to strike the defense. *Id*. at *8.

The characterization of the defense as "affirmative" or just a regular defense is irrelevant. Whether Cummins was required to raise the defense by Rule 8(c) as an affirmative defense or whether Cummins could have tried to raise it later, the defense still does not pass legal muster. Although Cummins asserts that the EEOC's motion is a "drain on judicial resources," (Def. Mem. 14), the true drain results from Cummins' insistence that it be allowed to pursue a defense that has no merit. The Court should grant the EEOC's motion for judgment on the pleadings of this defense.

### III.  Conclusion

Cummins has no basis to maintain its defense that the EEOC failed to join indispensable parties. Cummins has not tried to make even a facial showing that the defense is permitted under the statutes, and the well-established law shows that the defense is barred. The EEOC therefore

requests that judgment be entered on the pleadings as it relates to this

defense.


Dated:  July 22, 2015            s/    Laurie A. Vasichek
                                 Laurie A. Vasichek (Minn. No. 171438)
                                 EEOC - Minneapolis Area Office
                                 330 South Second Avenue, Suite 720
                                 Minneapolis, MN  55401
                                 laurie.vasichek@eeoc.gov
                                 Telephone:  (612) 335-4061
                                 Facsimile:  (612) 335-4044

                                 ATTORNEYS FOR PLAINTIFF