**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) Court File No. 14-cv-03408-SRN-) SER |
| and | ) ) |
| Grant Habighorst, | ) DECLARATION OF ) JESSICA A. PALMER-DENIG ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| Cummins Power Generation Inc., a division of Cummins Inc. | ) ) ) |
| Defendant. | ) ) ) |

I, Jessica A. Palmer-Denig, state and declare as follows:

1.    I am an attorney for the U.S. Equal Employment Opportunity Commission in this matter and I make this declaration based upon my personal knowledge and the agency's files and records relevant to the EEOC's motion.

2.    On September 9, 2015, Cummins' attorneys gave notice to the EEOC that it intended to serve subpoenas on three former employers of Habighorst.  Cummins agreed to withdraw one of the subpoenas, to ZinnCorp, Inc., and it is not at issue here.  A true and correct copy of

1

the correspondence dated September 9, 2015, along with the subpoena notices as to the two remaining subpoenas, are attached hereto as **Exhibit A**.

3.  A true and correct copy of the Subpoena Duces Tecum to Digital Datavoice Corporation with related documents is attached hereto as **Exhibit B**.

4.  A true and correct copy of the Subpoena Duces Tecum to Ecolab Inc. with related documents is attached hereto as **Exhibit C**.

5.  A true and correct copy of an email dated September 9, 2015 by the EEOC's counsel is attached as **Exhibit D**.

6.  A true and correct copy of Cummins' attorney's response email dated September 9, 2015, and the EEOC's subsequent response email to Cummins on September 10, 2015, is attached hereto as **Exhibit E**.

7.  A true and correct copy of an email dated September 11, 2015 by Cummins' counsel is attached hereto as **Exhibit F**.

8.  Cummins served the subpoenas on September 11, 2015.  A true and correct copy of its notification of service is attached hereto as **Exhibit G**. The subpoenas required responses by September 21, 2015.

9.  The parties engaged in a telephonic meet-and-confer conference on September 14, 2015, and in subsequent email discussions.  The parties were able to narrow the disputed items, but did not resolve their

differences entirely.  True and correct copies of the email exchanges made following the meet-and-confer are attached hereto as **Exhibit H**.

10.  The EEOC asked that Cummins agree to segregate documents it received from Digital Datavoice without review except as to identification, and to provide its expert only with documents related to compensation, benefits and Habighorst's cessation of employment with that employer.  As to Ecolab, the EEOC requested that Cummins segregate any subpoenaed documents that it received until the Court could consider this motion.  Cummins has agreed to segregate the documents, but believes it should be entitled to review them if an order has not been issued by 30 days before the dispositive motion deadline.  The EEOC does not agree to that review, but agreed to request that an order be issued by that date and to petition for further relief.  These discussions are detailed in **Exhibit H**.

11.  True and correct copies of relevant portions of Plaintiff-Intervenor's Amended Answers to Defendant's First Set of Interrogatories are attached hereto as **Exhibit I**.

3

12. A true and correct copy of Authorization and Release of Employment and Wage Records requested by Cummins is attached hereto as **Exhibit J**.

I declare the foregoing to be true and under penalty of perjury this 18th day of September, 2015.

s/ Jessica A. Palmer-Denig
Jessica A. Palmer-Denig
