## LADONNA SOLNITZKY - RE: Subpoenas

**From:**      JESSICA PALMER-DENIG
**To:**        Truso, Nicole A.;  VASICHEK, LAURIE
**Date:**      9/18/2015 2:26 PM
**Subject:**   RE: Subpoenas
**CC:**        KAMP, JEAN;  Mrachek, Jacqueline A.;  TAyling@hjlawfirm.com

Nicole:

We agree to this proposal regarding segregation in large part.

I have obtained a hearing date of November 12 at 10:30 am and will be filing our moving papers shortly.  We will agree not to seek an expedited hearing based on your representations regarding segregation and review of the documents when they come in, as described in your email.

We will alert Judge Rau to the 30-day window you identified before the dispositive motion deadline and ask that the court issue its order before then, which hopefully will result in a resolution before that date arrives.

If the judge does not issue an order before then, we are unable to agree to your review of the documents because our objections as to relevance will remain.  However, if we are approaching that deadline and have not received an order, the EEOC will petition the court to enter its order or we can together file a joint request to the court asking that an order be issued so that we can obtain clear guidance for dispositive motions.


Jessica



Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> "Truso, Nicole A." <Nicole.Truso@faegrebd.com> 9/18/2015 1:35 PM >>>

Jessica,

We agree to your segregation proposal, with one exception -  With the exception of documents received by Digital Datavoice related to Mr. Habighorst's compensation and benefits, and the reasons for his termination, we will agree to segregate all documents received pursuant to the subpoenas and not review those documents until Magistrate Judge Rau issues an order on the EEOC's motion to quash.  However, in the event, no order has been issued 30 days prior to the dispositive motion deadline, and Magistrate Judge Rau has not extended the dispositive motion deadline pending a decision on the motion to quash, we will be entitled to review all received documents, but will treat all documents as Confidential under the protective order.

Please let me know if you are agreeable to this arrangement.

## EXHIBIT H

Thank you,

Nicole

Nicole A. Truso
*Associate*
nicole.truso@FaegreBD.com    Download vCard
D: +1 612 766 8445 | F: +1 612 766 1600

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA
Connect: LinkedIn

**From:** JESSICA PALMER-DENIG [mailto:JESSICA.PALMER-DENIG@EEOC.GOV]
**Sent:** Friday, September 18, 2015 12:56 PM
**To:** LAURIE VASICHEK; Truso, Nicole A.
**Cc:** JEAN KAMP; Mrachek, Jacqueline A.; TAyling@hjlawfirm.com
**Subject:** RE: Subpoenas

Nicole:

I am planning to file moving papers with the court this afternoon.  If we are able to agree to segregation of these documents, I will ask that the motion be set on in the ordinary course of the court's calendar.  If we are not able to agree on segregation, I will have to ask the court to hear the matter on an emergency basis.  Because of the September 21 deadline in the subpoenas, and the fact that we have been in meet-and-confer mode for a week now without reaching an agreement on segregation of these documents, I am not able to wait much longer before we file.

Please let me know when you anticipate getting back to me on this issue.

Jessica

Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> "Truso, Nicole A." <Nicole.Truso@faegrebd.com> 9/18/2015 8:46 AM >>>

Jessica,

Jacqueline is speaking at a seminar this morning and may not have a chance to weigh in on this issue prior to your noon deadline. We will discuss your proposal as soon as we are able and will be in contact...

Nicole

**From:** JESSICA PALMER-DENIG [mailto:JESSICA.PALMER-DENIG@EEOC.GOV]
**Sent:** Friday, September 18, 2015 7:58 AM
**To:** LAURIE VASICHEK; Truso, Nicole A.
**Cc:** JEAN KAMP; Mrachek, Jacqueline A.; TAyling@hjlawfirm.com
**Subject:** RE: Subpoenas

Counsel:

I have not heard back from you yet regarding this email. Please contact me as soon as possible and, in any event, no later than noon today, to confirm whether you agree to segregate the documents as I proposed yesterday.

Jessica

Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> JESSICA PALMER-DENIG 9/17/2015 10:44 AM >>>
Counsel:

In an effort to compromise, the EEOC asks that you agree to segregate all documents received from Digital Datavoice without review except as to identification. The EEOC will agree for you to provide documents related to compensation, benefits and the reason for termination to your expert, but all other documents received should not be provided to anyone else.

As for the subpoena to Ecolab, the EEOC asks that these be segregated without review. There is no reason your damages expert should need information about a fitness for duty issue at another employer.

The EEOC continues to object to the scope of the subpoenas. While you note that information sought need not be admissible, it must still be relevant to be within the scope of discovery under Rule 26(b). Relevant evidence is that which has any tendency to make a fact more or less probable or establishes facts that are of consequence in determining the action. Fed. R. Evid. 401. The burden to establish relevance is on Cummins and Cummins' subpoenas go far beyond this standard.

As to personnel records, broad information from Mr. Habighorst's file, such as what you have requested, cannot be relevant. What relevance can Mr. Habighorst's hiring documents have to calculating mitigation? Common items from personnel files include documentation of sick leave absences and the reasons for them - also information where Cummins can establish no relevance. You admitted that rather than specify which things you wanted, you preferred to get the whole file to look around and see what might be there. That is the definition of a fishing expedition and is never permitted in discovery. *Hofer v. Mack Trucks, inc.*, 981 F.2d 377 (8th Cir. 1992). The EEOC believes that the only relevant information that may be in his file relates to compensation and benefits, and in an effort to compromise we will agree to the information requested on termination, though we still believe this information is not relevant. Other information should be segregated and not shown to your expert pending the resolution of the EEOC's motion.

As for fitness for duty information from another employer, this can never meet the relevance standard because it has no bearing on the issue presented in this case - whether Cummins is liable for its own treatment of Mr. Habighorst. We appreciate the narrowing you have agreed to, but continue to believe that this information is entirely non-discoverable and the EEOC views Cummins' request for this information as an effort to harass Mr. Habighorst. As noted above, this information certainly does not have any relevance to a calculation of economic damages by your rebuttal expert. Therefore, we ask that to the extent you receive documents from Ecolab, you segregate those without review until the EEOC can be heard.

As for the informal procedure, we asked you to agree to this in an effort to resolve this issue in the most timely manner possible, given your concern about the deadlines in this case that the fact that we have a settlement conference on the schedule. We agree that a full briefing is preferable, particularly because it will establish a record for appeal, but offered the informal procedure as an accommodation to you. It is our understanding based on your email that Cummins does not agree and prefers to take this matter up formally.

It does not seem that we are likely to reach a full agreement as to the scope of the subpoenas, and given the EEOC's continuing objections, we will file a formal motion.

Please confirm as soon as possible whether you agree to the segregation of documents as defined in this email, pending resolution of the EEOC's objections. Segregation of the documents is imperative to the EEOC - once you have reviewed the documents that bell cannot be unrung and Mr. Habighorst will be prejudiced. If do not agree to segregate the documents and insist on reviewing them prior to such a resolution, the EEOC will likely need to contact the court to arrange to file an emergency motion for a protective order.

Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> "Truso, Nicole A." <Nicole.Truso@faegrebd.com> 9/16/2015 4:58 PM >>>

Jessica,

To clarify on the segregation issue, as you know, during the call on Tuesday, we did not discuss any of the details as to what "segregation" would mean. We will agree to keep the records received separate and will not use them for any other purposes until Judge Rau has issued a decision on this issue. However, given the November 15 expert report deadline, our expert needs to review information relevant to Cummins' mitigation defense. Despite your assertion that this deadline "leaves sufficient time" for this issue to get in front of Judge

Rau, the expert has already begun the process of analyzing information relevant to the damages in this case and needs time to evaluate all relevant information and prepare the report. As I understand your position based on the email below and our conversation on Tuesday, there does not appear to be a dispute as to the relevance of Mr. Habighorst's compensation and benefit information for his employment after he left Cummins.

It is clear the parties disagree as to the appropriate scope of these subpoenas. As you know, the scope of permissible discovery is not that the evidence is ultimately admissible at trial. We have made several concessions on our position as to the relevance of this information in an attempt to avoid spending the Court's time and resources on this issue. You have rejected our proposal below and have maintained your initial position. Do you have an alternative proposal?

Given the complexity of these issues and the facts of this case, we believe a formal motion is the more appropriate mechanism for addressing this issue to the Court so the Court has the benefit of full briefing and oral argument. Based on our agreement to segregate, we are trying to understand the urgency of bringing this issue before Judge Rau on an informal basis.

Nicole

## Nicole A. Truso
*Associate*
nicole.truso@FaegreBD.com    Download vCard
D: +1 612 766 8445 | F: +1 612 766 1600

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA
Connect: LinkedIn

**From:** JESSICA PALMER-DENIG [mailto:JESSICA.PALMER-DENIG@EEOC.GOV]
**Sent:** Wednesday, September 16, 2015 3:18 PM
**To:** LAURIE VASICHEK; Truso, Nicole A.
**Cc:** JEAN KAMP; Mrachek, Jacqueline A.; mtanick@hjlawfirm.com; tayling@hjlawfirm.com
**Subject:** RE: Subpoenas

Nicole:

I want to make sure that I understand your email.

When we spoke by telephone on September 14, Laurie Vasichek asked whether you would agree to segregate the documents pending resolution of the EEOC's objections to the subpoenas, and you agreed to do so. We have twice asked you to agree to proceed with Judge Rau's informal procedure in order to obtain a timely resolution on this issue. Thus far you have not indicated whether you agree or not.

With regard to the segregation of documents, I read your email to state that will not segregate the documents unless or until you receive an order from Judge Rau indicating you could not obtain them. That is not at all what we discussed in our telephone conference on Monday and it is wholly unacceptable to the EEOC.

Please confirm whether you will segregate the documents pending resolution of the EEOC's objections.

Cummins rebuttal expert report is not due until November 15. That leaves sufficient time for us to submit the matter to Judge Rau under his informal procedure and to receive his decision. I ask again for an answer as to whether you will agree to use this procedure. Please notify me immediately.

As to your proposal regarding the subpoenas, this does not resolve the EEOC's objections. I understand that you are withdrawing the request to Ecolab for personnel records and will specify that they should not produce medical records. However, nothing about Ecolab's fitness for duty process has any bearing on whether Cummins is liable relating to its own fitness for duty process and its treatment of Mr. Habighorst. Information about Ecolab is not relevant and cannot lead to discovery of relevant, admissible evidence. We ask you to withdraw the subpoena to Ecolab in its entirety.

Further, the EEOC's objection to the scope of the subpoena to Digital Datavoice remains. We will agree that you may receive information about compensation and a summary of benefits, even though we believe sufficient information has already been produced to you. We do not agree that you may obtain Mr. Habighorst's whole personnel file. We also do not believe that any additional information about his termination is relevant. You do not indicate that you agree to narrow the Digital Datavoice subpoena, and the EEOC's objections to this subpoena as issued stand.

I ask that you respond to this email as soon as possible and at the very latest by close of business today.

Jessica


Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> "Truso, Nicole A." <Nicole.Truso@faegrebd.com> 9/16/2015 2:13 PM >>>

Jessica,

To clarify, we will agree to segregate the documents in the event Judge Rau issues a decision stating we were or are not entitled to collect or use such documents in the litigation. However, as I mentioned during our call earlier this week, given the upcoming deadlines in this case, our expert witness will need to evaluate certain information, including the compensation and benefits information, to prepare her report. We will treat any such documents in compliance with the protective order.

In an effort to resolve the issues regarding the subpoenas without the Court's involvement, Cummins proposes the following:

1. Cummins agrees to withdraw the entire ZinCorp subpoena (as I indicated in my email yesterday).

2. Cummins agrees to withdraw request number one on Schedule A attached to the Ecolab subpoena (all personnel records).

3. Cummins agrees to clarify request number two on Schedule A attached to the Ecolab subpoena to

specifically exclude any of Mr. Habighorst's medical records.

Cummins continues to believe the personnel records and compensation and benefits information from Digital Datavoice is relevant to Mr. Habighorst claims, in particular, to establish its mitigation defense as to the comparability of the position he obtained at Digital Datavoice and the reasons for his termination.

Please let me know if this is agreeable.

Regards,

Nicole

Nicole A. Truso
*Associate*
nicole.truso@FaegreBD.com    Download vCard
D: +1 612 766 8445 | F: +1 612 766 1600

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA
Connect: LinkedIn

**From:** JESSICA PALMER-DENIG [mailto:JESSICA.PALMER-DENIG@EEOC.GOV]
**Sent:** Wednesday, September 16, 2015 8:50 AM
**To:** LAURIE VASICHEK; Truso, Nicole A.
**Cc:** JEAN KAMP; Mrachek, Jacqueline A.; mtanick@hjlawfirm.com; tayling@hjlawfirm.com
**Subject:** RE: Subpoenas

Counsel:

I have not received any response from you regarding my email yesterday and the EEOC's request that Cummins agree to proceed using Judge Rau's informal procedure.  Please notify me today whether Cummins will agree to use this procedure to resolve the issues regarding the subpoenas.

Jessica

Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720

Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> JESSICA PALMER-DENIG 9/15/2015 9:45 AM >>>
Counsel:

Thank you for agreeing to withdraw the subpoena to ZinnCorp.  Please notify us when it has been withdrawn.

As to the other two subpoenas, the EEOC continues to disagree with your position and will submit the matter to Judge Rau.  I contacted his chambers yesterday to inquire about a hearing date, and was told the judge will not be able to hear a formal motion until November 30-December 2, dates that are after the scheduled settlement conference.

Given the September 21 deadline in the subpoenas and your agreement to segregate all documents you receive until the matter is resolved, we are willing to submit the matter to Judge Rau under the procedure identified for informal resolutions in Footnote 1 of the Pretrial Scheduling Order.  Please notify me as soon as possible whether you agree to use this procedure and I will contact chambers to obtain a date for a telephone conference with the judge.

Jessica Palmer-Denig

Jessica A. Palmer-Denig
Trial Attorney
U.S. Equal Employment Opportunity Commission
Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN 55401
Ph: 612/334-4010
Fax: 612/335-4044
jessica.palmer-denig@eeoc.gov>>> "Truso, Nicole A." <Nicole.Truso@faegrebd.com> 9/15/2015 8:34 AM >>>
Counsel,

Following up on our conversation yesterday, Cummins will agree to withdraw its subpoena to ZinCorp.  It continues to believe the information requested from both Ecolab and Digital Datavoice is relevant to its defenses in this matter.

As to the subpoenas the EEOC intends to serve seeking depositions, below is the last known address we have for Dr. Lindroth:

Dr. Marianne Lindroth
Take Care Health
605 Cottage Avenue
Columbus, IN 47201

As to the Cigna office, we do not have information as to the addresses of those at Cigna involved with the authorization for the release of medical information.  The address identified on the authorization is 11095 Viking Drive, Suite 350, Eden Prairie, MN 55344.

Thanks,
Nicole

Nicole A. Truso
*Associate*
nicole.truso@FaegreBD.com    Download vCard
D: +1 612 766 8445 | F: +1 612 766 1600

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA
Connect: LinkedIn

---

**From:** LAURIE VASICHEK [mailto:LAURIE.VASICHEK@EEOC.GOV]
**Sent:** Monday, September 14, 2015 5:34 PM
**To:** Mrachek, Jacqueline A.; Truso, Nicole A.; mtanick@hjlawfirm.com; tayling@hjlawfirm.com
**Cc:** JEAN KAMP; JESSICA PALMER-DENIG
**Subject:** Subpoenas

I haven't heard back from Cummins regarding this morning's conference.  As I said, time is of the essence given that Cummins has already served the subpoenas to which the EEOC objects.

Please contact us as soon as possible.  I'm going to be on vacation through September 28, but as I mentioned in our meet-and-confer this morning, Jessica Palmer-Denig will be handling this in my absence.  Jessica's telephone number is 612-334-4010 and her email is jessica.palmer-denig@eeoc.gov.