**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) Court File No. 14-cv-03408-SRN-SER |
| Plaintiff, | ) ) |
| and | ) **DEFENDANT'S FIRST REQUEST** |
| | ) **FOR PRODUCTION OF** |
| Grant Habighorst, | ) **DOCUMENTS TO PLAINTIFF-** |
| | ) **INTERVENOR GRANT** |
| Plaintiff-Intervenor, | ) **HABIGHORST** |
| v. | ) ) |
| Cummins Power Generation Inc., a division of Cummins Inc. | ) ) ) |
| Defendant. | ) ) ) |

TO:    Plaintiff-Intervenor Grant Habighorst, Marshall H. Tanick and Teresa J. Ayling, Hellmuth & Johnson PLLC, 8050 West 78th Street, Minneapolis, MN 55439.

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Cummins Power Generation, Inc. ("CPG") requests that Plaintiff-Intervenor Grant Habighorst ("Habighorst") produce the documents requested below in accordance with the Definitions and Instructions set forth below, and serve written responses to such requests within thirty (30) days after the date of service or such shorter time as directed by the Court.

**EXHIBIT 1**

## DEFINITIONS

1.    "You," "your," "yours," or "Habighorst" means Plaintiff-Intervenor Grant Habighorst.

2.    "Complaint" means the complaint filed by you against Defendant Cummins Power Generation Inc. on February 24, 2015.

3.    "CPG" or "Defendant" means Defendant Cummins Power Generation Inc.

4.    "EEOC" means Plaintiff Equal Employment Opportunity Commission, its directors, employees, agents, representatives, and all persons acting or purporting to act on its behalf.

5.    "Person" or "persons" refers to any natural persons, consumers or potential consumers, customers or potential customers, proprietorships, partnerships, firms, corporations, joint ventures, incorporated or unincorporated associations, any divisions of any corporation, or any group or combination of the foregoing acting as an entity.

6.    "Identify" or "identification" when used in reference to a person means a statement of:  (i) the person's full name; (ii) the person's present or last known address; (iii) the person's present or last known business affiliation; and (iv) where applicable, the person's place of employment, title, and responsibilities.  When used in reference to a document, the terms "identify" or "identification" mean a statement of:  (i) the type of document (e.g., letter, financial record, memorandum); (ii) its date and title, if any; (iii) its originator, if any; (iv) its addressee, if any; (v) its present location; and (vi) the person or persons having possession, custody, and/or control of it.  If any such document was, but is no longer, in your possession or custody or subject to your control, state what happened to it.

2

7.     "Relate to," "related to," and "relating to" mean constitute, comprise, refer to, reflect, record, describe, or be in any other way connected with the matter being discussed.

8.     "Document" refers to any and all tangible items or sources of information within the broadest sense allowed by Rule 34 of the Federal Rules of Civil Procedure, whether original or non-identical copies of such items, in both final and draft forms, of every kind and nature whatsoever, however produced, reproduced or stored, known by you to exist, and in your custody, possession, or control.  The term "document" thus includes, but is not limited to, all correspondence, memoranda, records, reports, notes, drafts, proposals, minutes of meetings, books, papers, drawings, telegrams, logs, diaries, computer printouts, emails, computations, tabulations, schedules lists, proposals, specifications, ledgers, journals, purchase orders, bills of lading, invoices, vouchers, checks, books of original entry and other books of records, recordings or memoranda or conversations, or any other written, printed, typewritten or other graphic or photographic matter or tangible thing on which any information is affixed and all mechanical, electronic, sound or video recordings or transcripts thereof, all magnetic recordings or matter existing in any other machine-readable form, and all information stored in or capable of being retrieved from a computer.  The term "document" also refers to all preliminary drafts, versions, or revisions of any of the aforementioned, to all underlying preparatory or supporting materials thereto, and to all studies, analyses, or other evaluative or interpretive reports thereof.

9.     "Data" is equivalent to the term "electronic data" as defined herein.

10.    "Electronic Data" or "Electronically Stored Information" means the original native file (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments,

3

annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes—by way of example only—computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files (including descriptive information regarding tables, fields and values), charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside. Electronic data includes any and all items stored on computer memories, hard disks, CD-ROMs, DVDs, removable media such as zip drives, thumb drives, digital memory cards and their equivalent, magnetic tapes of all types, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

## INSTRUCTIONS

A.    If you claim that any document, communication, or other matter is privileged or subject to the work-product doctrine, for each such document, conversation or other matter, state the following:

1.    the type of document, communication, or other matter (e.g., letter, financial record, memorandum, etc.);

2.    its date, if any;

3.    its title, if any;

4.    its originator, if any;

5.    its addressee, if any;

6.    its present location;

7.    the person or persons having possession, custody, or control of it; and

8.    the facts and circumstances that you contend create a privilege.

B.    If any of the documents requested below have been destroyed, or are otherwise no longer in your control, you are requested to identify the document destroyed or no longer in your control in the same manner as identification is requested for documents claimed to be privileged or subject to work-product doctrine.

C.    Identify the request or requests for which each document was produced.

D.    Please note that these document requests shall be deemed continuing in nature and must be supplemented in the manner required by the Federal Rules of Civil Procedure. Accordingly, you shall provide amended or supplemental responses should different, more complete, or more current information come to your attention rendering your prior responses incomplete or inaccurate.

## DOCUMENT REQUESTS

1.    All documents in your possession, custody or control that evidence, refer or relate to the allegations in the Complaint.

2.    All documents in your possession, custody or control that evidence, refer to or relate to your employment with Defendant including, but not limited to, documents relating

to the terms and conditions of your employment, your job duties and responsibilities, your job performance, your complaints about Defendant's action, your interactions with coworkers, and the end of your employment with Defendant.

3.      All documents in your possession, custody or control that evidence, refer to, or relate to your relationship, interaction, or communication, if any, with any of Defendant's management or supervisory personnel including, but not limited to, members of Defendant's Human Resources staff.

4.      All documents in your possession, custody or control that evidence, describe, refer to, or relate to your relationship, interaction, or communication, if any, with any of Defendant's non-management or non-supervisory personnel.

5.      For each physician, psychiatrist, psychologist, therapist, counselor, chiropractor, or any other provider identified in your response to Defendant's Interrogatory No. 6, execute both a Consent for the Release of Physical and Mental Health Records and a Consent for the Release of Psychotherapy Notes, served contemporaneously herewith, and return the executed authorization to Defendant's undersigned counsel so that your records may be obtained from each provider(s).

6.      All documents in your possession, custody or control related to each position of employment you have held since January 1, 1995. To respond to this request for documents under your control, please complete and return the attached employments records authorizations for everyone you have worked for since January 1, 1995. Please photocopy the necessary number of blank forms, fill out the name and address of each employer, your birth date, your social security number, and sign and date each form.

7.      All documents in your possession, custody or control that evidence, describe, refer to, or relate to all communications between CIGNA and you, Dr. Marianne Lindroth and you, and/or Dr. Charles Pearson and you from August 2012 to the present.

8.      All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Americans with Disabilities Act ("ADA"), including, but not limited to, the allegations contained in paragraphs 31-32 and 40-42 of the Complaint.

9.      All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Minnesota Human Rights Act ("MHRA") including, but not limited to, the allegations contained in paragraphs 47-48 of the Complaint.

10.      All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Genetic Information Nondiscrimination Act ("GINA") with respect to your employment including, but not limited to, the allegations contained in paragraphs 33-35 of the Complaint.

11.      All documents in your possession, custody or control that support contradict, refer to, or relate to your allegation that Defendant or its agents/employees engaged in reprisal discrimination and retaliated against you including, but not limited to, the allegations in paragraphs 36-39, 43-46 and 49-52 of the Complaint, and any documents, reports, and/or complaints that evidence, refer or relate to the alleged protected actions and Defendant's responses to the alleged protected actions.

12.    All statements in your possession, custody or control made by or taken from any person who may have been, or claims to have been, a witness to any of the allegations in the Complaint.

13.    All audio or visual recordings in your possession, custody or control of any events or conversations relating to the allegations in your Complaint.

14.    All documents in your possession, custody or control that evidence, refer to, relate to, support or contradict your claims for damages, including any documents that relate to the basis for, or the calculation of, damages you seek to recover in this action.

15.    All documents, statements, or other evidence in your possession, custody or control given to anyone or taken from anyone preliminary to, or in the course of, any investigation of the incidents alleged in the Complaint, including all documents and statements provided to, or received by, you.

16.    All documents in your possession, custody or control relating to any joint defense agreement between you and the EEOC.

17.    All documents in your possession, custody or control reflecting communications between you and the EEOC and/or your agent(s) or representative(s).

18.    All documents that you have provided to or received from the Minnesota Department of Human Rights, the EEOC, or any other local, state, or administrative agency.

19.    All documents in your possession, custody or control received from any non-party in the investigation of the incidents alleged in the Complaint.

20.    All documents in your possession, custody or control identified, referred to, considered or relied upon in answering Defendant's First Set of Interrogatories to Plaintiff-Intervenor Grant Habighorst.

21.   All documents in your possession, custody or control that evidence, refer to, contradict or relate to your allegations that Defendant's actions were intentional and performed with malice or reckless indifference to your rights, as alleged in the Complaint.

22.   All documents in your possession, custody or control that evidence, refer to, contradict or relate to your allegations that you suffered and continue to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other similar damages, as alleged in the Complaint.

23.   All documents in your possession, custody or control relating to logs, journals, notes, calendars and diaries that you have maintained at any time since January 1, 2010.

24.   All documents in your possession, custody or control relating to any criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance proceedings, administrative proceedings, civil, criminal, traffic, family and bankruptcy court matters, and/or charges filed with the Minnesota Department of Human Rights, the United States Equal Employment Opportunity Commission, and/or any other state or local human rights commission) to which you have been a party or witness.

25.   All documents in your possession, custody or control including, but not limited to, correspondence, resumes, logs, notes, advertisements, references, applications, job descriptions, and compensation and benefits information, relating to your efforts to obtain employment from January 1, 2012 through the date of trial.

26.   All documents in your possession, custody or control that you intend to introduce into evidence at trial in this action.

27.   All documents in your possession, custody or control that relate to any income you have received from any source since your employment at Defendant ended including,

but not limited to, paycheck stubs, W-2 Forms, 1099 Forms, financial statements, documents relating to unemployment compensation benefits, social security benefits, disability compensation benefits, and/or welfare assistance benefits.

28.     Your federal and state tax returns with supporting schedules and documentation from 2012 through the final resolution of this matter.

29.     All documents in your possession, custody or control relating to your arrests, charges or convictions for crimes in the past ten years.

30.     All documents in your possession, custody or control that were prepared by Defendant or its agents and were provided to you.

31.     All files, blog entries, appointment calendars, voicemail messages, memoirs or other memoranda or writings, including e-mails or blog or social network postings, text messages, and instant messages (IMs) that discuss or in any way relate to your employment with Defendant or the allegations in the Complaint or Defendant's Answer.

FAEGRE BAKER DANIELS LLP

Dated:  March  27, 2015

Jacqueline A. Mrachek, MN Atty #0216434
Jacqueline.Mrachek@FaegreBD.com
Jennifer J. Kruckeberg, MN Atty #0337675
Jenny.Kruckeberg@FaegreBD.com

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone: (612) 766-7000

Attorneys for Defendant
Cummins Power Generation, Inc.

## CONSENT AND AUTHORIZATION
## FOR THE RELEASE OF PHYSICAL AND MENTAL HEALTH RECORDS

To:     <u>Provider</u>

        Name: _____
        Address: _____

        _____

        _____

Re:     <u>Patient</u>

        Grant Habighorst
        Social Security No.: <u>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</u>
        Date of Birth: <u>July 6, 1967</u>
        Address: _____

        _____

In accordance with the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations (45 C.F.R. Parts 160 and 164) (the "HIPAA Privacy Rules") and all other applicable federal, state, and local law, the Patient knowingly and voluntarily agrees and consents to the release of Patient's physical and mental health records as follows:

The documents to be released are all physical and mental health records of Patient (other than psychotherapy notes, as defined in the HIPAA Privacy Rules) in the possession of the Provider, including, but not limited to, Patient's entire patient file, patient history, office charts, progress notes, records of medical and psychological treatment, medical and psychological diagnostic test results, x-ray or laboratory reports, surgical reports, consultation reports, correspondence, drug and alcohol testing and treatment, and any other document pertaining to Patient.

The physical and mental health records will be released to:

        Jennifer J. Kruckeberg
        FAEGRE BAKER DANIELS LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Telephone:  (612) 766-8126
        Facsimile:  (612) 766-1600

The Patient authorizes the release and disclosure of the physical and mental health records for use in the proceeding captioned *Equal Employment Opportunity Commission v. Cummins Power Generation Inc.,* No. 14-cv-03408 (SRN/SER), pending in the United States District Court for the District of Minnesota (the "Legal Proceeding"). The Recipient may use and disclose the physical and mental health records for the purpose of the Legal Proceeding and for no other purpose. Physical and mental health records used and disclosed by Recipient may no longer be protected by the HIPAA Privacy Rules.

You are specifically directed to provide copies of those records which may be subject to the following: a) Public Health Service Act, 42 U.S.C. §290dd-2 and the regulations thereunder at 52 Federal Regulations 21803, et seq.; b) Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; and c) all other applicable federal, state, and local laws. Pursuant to the Genetic Information Nondiscrimination Act of 2008, you are specifically directed to omit any medical records that that law prohibits disclosure of, including but not necessarily limited to (a) Patient's family medical history, (b) the results of Patient's or Patient's family member's genetic tests, (c) the fact that Patient or his family member sought or received genetic services, and (d) genetic information of a fetus carried by Patient or his family member or an embryo lawfully held by Patient or family member receiving assistive reproductive services.

This Consent and Authorization for the Release of Physical and Mental Health Records is subject to revocation by Patient at any time, except to the extent that anyone acts in reliance on this Consent and Authorization. Patient may revoke this Consent and Authorization by giving Provider written notice. A photocopy of this Consent and Authorization shall have the same effect as the original.

Pursuant to the HIPAA Privacy Rules, Provider may not condition treatment, payment, or eligibility for benefits on whether Patient signs this Consent and Authorization.

This Consent and Authorization will automatically expire when a final disposition of the Legal Proceeding is reached.

_____

Grant Habighorst

_____

Date

A copy of this Consent and Authorization shall be provided to Patient.

## CONSENT AND AUTHORIZATION
## FOR THE RELEASE OF PSYCHOTHERAPY NOTES

To:    <u>Provider</u>

       Name:           _____

       Address:        _____

                        _____

                        _____

Re:    <u>Patient</u>

       Grant Habighorst
       Social Security No.: <u>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</u>
       Date of Birth: <u>July 6, 1967</u>
       Address: _____

In accordance with the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations (45 C.F.R. Parts 160 and 164) (the "HIPAA Privacy Rules") and all other applicable federal, state, and local law, the Patient knowingly and voluntarily agrees and consents to the release of Patient's physical and mental health records as follows:

The documents to be released are psychotherapy notes of the Patient, as defined in the HIPAA Privacy Rules, in the possession of the Provider.

The psychotherapy notes will be released to:

       Jennifer J. Kruckeberg
       FAEGRE BAKER DANIELS LLP
       2200 Wells Fargo Center
       90 South Seventh Street
       Minneapolis, MN 55402
       Telephone:  (612) 766-8126
       Facsimile:  (612) 766-1600

The Patient authorizes the release and disclosure of the physical and mental health records for use in the proceeding captioned *Equal Employment Opportunity Commission v. Cummins Power Generation Inc.,* No. 14-cv-03408 (SRN/SER), pending in the United States District Court for the District of Minnesota (the "Legal Proceeding").  The Recipient may use and disclose the physical and mental health records for the purpose of the Legal Proceeding and for no other purpose.  Physical and mental health records used and disclosed by Recipient may no longer be protected by the HIPAA Privacy Rules.

US.55994034.01

You are specifically directed to provide copies of those records which may be subject to the following: a) Public Health Service Act, 42 U.S.C. §290dd-2 and the regulations thereunder at 52 Federal Regulations 21803, et seq.; b) Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; and c) all other applicable federal, state, and local laws. Pursuant to the Genetic Information Nondiscrimination Act of 2008, you are specifically directed to omit any medical records that that law prohibits disclosure of, including but not necessarily limited to (a) Patient's family medical history, (b) the results of Patient's or Patient's family member's genetic tests, (c) the fact that Patient or his family member sought or received genetic services, and (d) genetic information of a fetus carried by Patient or his family member or an embryo lawfully held by Patient or family member receiving assistive reproductive services.

This Consent and Authorization for the Release of Physical and Mental Health Records is subject to revocation by Patient at any time, except to the extent that anyone acts in reliance on this Consent and Authorization. Patient may revoke this Consent and Authorization by giving Provider written notice. A photocopy of this Consent and Authorization shall have the same effect as the original.

Pursuant to the HIPAA Privacy Rules, Provider may not condition treatment, payment, or eligibility for benefits on whether Patient signs this Consent and Authorization.

This Consent and Authorization will automatically expire when a final disposition of the Legal Proceeding is reached.

Grant Habighorst

Date

A copy of this Consent and Authorization shall be provided to Patient.

US.55994034.01

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT AND WAGE RECORDS

**TO:** _____

_____

_____

**RE:**  Grant Habighorst
**Date of Birth:**  July 6, 1967
**SSN:**  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

I, Grant Habighorst, hereby authorize you to release to the law firm of Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402, or its agents or representatives any and all information pertaining to my employment and wage records contained in your files, including but not limited to, my complete personnel file, benefits file, payroll records, workers' compensation, and any and all reports of medical examinations and/or medical history in your files, correspondence, telephone messages, resumes, applications, and disciplinary records.

You are specifically authorized to allow the named attorneys or their agents to inspect and/or photocopy any and all such files, records, etc., as they deem appropriate.

A photocopy of this authorization shall be as valid and may be used and relied on with the same force and effect as the signed original.

_____          _____
Signed                                                              Dated

US.55994301.01