IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No.:  14-cv-3408 (SRN/SER) |
| and | ) | |
| | ) | |
| Grant P. Habighorst, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | **PLAINTIFF-INTERVENOR'S** |
| | ) | **RESPONSE TO DEFENDANT'S** |
| v. | ) | **FIRST REQUEST FOR** |
| | ) | **PRODUCTION OF DOCUMENTS** |
| Cummins Power Generation, Inc., a division | ) | |
| of Cummins, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:    DEFENDANT ABOVE NAMED THROUGH ITS ATTORNEYS, JACQUELINE A. MRACHEK AND JENNIFER J. KRUCKEBERG, FAEGRE BAKER DANIELS, LLP, 2200 WELLS FARGO CENTER, 90 SOUTH SEVENTH STREET, MINNEAPOLIS, MN  55402-3901.

Pursuant to Minn. R. Civ. P. 26 and 34, Plaintiff-Intervenor responds to Defendant's Request for Production of Documents to Plaintiff-Intervenor as follows:

## GENERAL OBJECTIONS

Each of the following General Objections and Responses are incorporated into each of the Specific Responses and Objections below as if fully repeated therein.

1.    Plaintiff-Intervenor submits these General Objections and Responses and agrees to respond to these Document Requests without intending to waive, and expressly preserving the right, at any time, in accordance with applicable rules, statutes and procedures, (i) to revise, correct, supplement or clarify any of the responses herein, or (ii) to object and respond to any future other discovery requests.

20706.0001 -- 2217533_1

**EXHIBIT 2**

2.      The inadvertent identification of any privileged document or communication shall not be deemed to be a waiver of any applicable privilege with respect to such communication or document (and/or the contents or subject matter thereof) or with respect to any other documents or information.

3.      Plaintiff-Intervenor objects to each and every Document Request insofar as it seeks the information or the identification of any part of any document that constitutes attorney's work product, contains attorney-client communications or is otherwise privileged or exempt from discovery.

4.      Plaintiff-Intervenor objects to the Document Requests to the extent that they purport to seek any discovery beyond the limits or requirements of the Minnesota Rules of Civil Procedure.

5.      Plaintiff-Intervenor is responding without in any way waiving, but rather intending to preserve and preserving all objections as to competency, relevancy, materiality and admissibility of the documents or the subject matter thereof.

6.      Plaintiff-Intervenor objects to the Document Requests on the grounds of burden, to the extent they ask for addresses for parties, or persons employed by parties, and to the extent they seek information already in Defendant's control, or to which Defendant has equal access, or which is otherwise obtainable from some other source that is more convenient, less burdensome or less expensive.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  All documents in your possession, custody or control that evidence, refer or relate to the allegations in the Complaint.

> **RESPONSE:**    Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the attorney-client privilege, the EEOC-Charging Party privilege, the common interest privilege, the

conciliation privilege, the deliberative privilege, the attorney-work product privilege and the medical provider-patient privilege. Subject to and without waiving these objections, Plaintiff-Intervenor has or will product responsive, non-privileged documents in his possession which have not previously been produced by other parties to this litigation.

**REQUEST NO. 2:** All documents in your possession, custody or control that evidence, refer to or relate to your employment with Defendant including, but not limited to, documents relating to the terms and conditions of your employment, your job duties and responsibilities, your job performance, your complaints about Defendant's action, your interactions with coworkers, and the end of your employment with Defendant.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Plaintiff-Intervenor also objects that this request is overbroad, seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, relevant, non-privileged documents which have not previously been produced by other parties to this matter.

**REQUEST NO. 3:** All documents in your possession, custody or control that evidence, refer to, or relate to your relationship, interaction, or communication, if any, with any of Defendant's management or supervisory personnel including, but not limited to, members of Defendant's Human Resources staff.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Plaintiff-Intervenor also objects that this request is overbroad, seeks documents that are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, relevant, non-privileged documents which have not previously been produced by other parties to this matter.

**REQUEST NO. 4:** All documents in your possession, custody or control that evidence, describe, refer to, or relate to your relationship, interaction, or communication, if any, with any of Defendant's non-management or non-supervisory personnel.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Plaintiff-Intervenor also objects that this request is overbroad, seeks documents that are irrelevant, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, relevant, non-privileged documents which have not previously been produced by other parties to this matter.

**REQUEST NO. 5:**  For each physician, psychiatrist, psychologist, therapist, counselor, chiropractor, or any other provider identified in your response to Defendant's Interrogatory No. 6, execute both a Consent for the Release of Physical and Mental Health Records and a Consent for the Release of Psychotherapy Notes, served contemporaneously herewith, and return the executed authorization to Defendant's undersigned counsel so that your records may be obtained from each provider(s).

> **RESPONSE:**  Plaintiff-Intervenor objects to this request because it calls for the release of documents protected under the medical provider-patient privilege and other laws protecting medical information.  Because Plaintiff-Intervenor is seeking only garden variety mental anguish and emotional distress damages, the information sought is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**  All documents in your possession, custody or control related to each position of employment you have held since January 1, 1995.  To respond to this request for documents under your control, please complete and return the attached employment records authorizations for everyone you have worked for since January 1, 1995.  Please photocopy the necessary number of blank forms, fill out the name and address of each employer, your birth date, your social security number, and sign and date each form.

> **RESPONSE:**  Plaintiff-Intervenor objects to this request because it seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff-Intervenor will provide IRS forms W-2 and 1099 for all employment he has held since his discharge from Defendant through December 2014 and copies of his most recent pay stubs for employment from January 1, 2015 to the present date.

**REQUEST NO. 7:**  All documents in your possession, custody or control that evidence, describe, refer to, or relate to all communications between CIGNA and you, Dr. Marianne Lindroth and you, and/or Dr. Charles Pearson and you from August 2012 to the present.

> **RESPONSE:**  Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege.  Subject to and without waiving these objections, Plaintiff-Intervenor has or will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 8:**  All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Americans with Disabilities Act ("ADA"), including, but not limited to, the allegations contained in paragraphs 31-32 and 40-42 of the Complaint.

**RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 9:** All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Minnesota Human Rights Act ("MHRA") including, but not limited to, the allegations contained in paragraphs 47-48 of the Complaint.

**RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation..

**REQUEST NO. 10:** All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its employees, agents, or other representatives violated the Genetic Information Nondiscrimination Act ("GINA") with respect to your employment including, but not limited to, the allegations contained in paragraphs 33-35 of the Complaint.

**RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 11:** All documents in your possession, custody or control that support, contradict, refer to, or relate to your allegation that Defendant or its agents/employees engaged in reprisal discrimination and retaliated against you including, but not limited to, the allegations in paragraphs 36-39, 43-46 and 49-52 of the Complaint, and any documents, reports, and/or complaints that evidence, refer or relate to the alleged protected actions and Defendant's responses to the alleged protected actions.

**RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the

conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 12:** All statements in your possession, custody or control made by or taken from any person who may have been, or claims to have been, a witness to any of the allegations in the Complaint.

> **RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 13:** All audio or visual recordings in your possession, custody or control of any events or conversations relating to the allegations in your Complaint.

> **RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 14:** All documents in your possession, custody or control that evidence, refer to, relate to, support or contradict your claims for damages, including any documents that relate to the basis for, or the calculation of, damages you seek to recover in this action.

> **RESPONSE:** Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 15:** All documents, statements, or other evidence in your possession, custody or control given to anyone or taken from anyone preliminary to, or in the course of, any investigation of the incidents alleged in the Complaint, including all documents and statements provided to, or received by, you.

20706.0001 -- 2217533_1

**RESPONSE**  Plaintiff-Intervenor objects to extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not yet been produced by other parties in this litigation.

**REQUEST NO. 16:**  All documents in your possession, custody or control relating to any joint defense agreement between you and the EEOC.

**RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege.

**REQUEST NO. 17:**  All documents in your possession, custody or control reflecting communications between you and the EEOC/and/or your agent(s) or representative(s).

**RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege.  Subject to and without waiving these objections, Plaintiff-Intervenor states that all communications after issuance of the Letter of Determination are privileged as communications relating to conciliation or as attorney-client (charging party) communications, common interest communications or attorney-work product communications.  Documents relating to communications prior to the issuance of the Letter of Determination have been previously produced by the EEOC.

**REQUEST NO. 18:**  All documents that you have provided to or received from the Minnesota Department of Human Rights, the EEOC, or any other local, state, or administrative agency.

**RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege.  Subject to and without waiving these objections, Plaintiff-Intervenor states that all communications after issuance of the Letter of Determination are privileged as communications relating to conciliation or as attorney-client (charging party) communications, common interest communications or attorney-work product communications.  Documents relating to communications prior to the issuance of the Letter of Determination have been previously produced by the EEOC or will be produced.

20706.0001 -- 2217533_1

**REQUEST NO. 19:** All documents in your possession, custody or control received from any non-party in the investigation of the incidents alleged in the Complaint.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor has or will produce responsive, non-privileged documents in his possession which have not previously been produced by other parties in this matter.

**REQUEST NO. 20:** All documents in your possession, custody or control identified, referred to, considered or relied upon in answering Defendant's First Set of Interrogatories to Plaintiff-Intervenor Grant Habighorst.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor has or will produce responsive, non-privileged documents in his possession which have not previously been produced by other parties in this matter.

**REQUEST NO. 21:** All documents in your possession, custody or control that evidence, refer to, contradict or relate to your allegations that Defendant's actions were intentional and performed with malice or reckless indifference to your rights, as alleged in the Complaint.

> **RESPONSE** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor has or will produce responsive, non-privileged documents in his possession which have not previously been produced by other parties in this matter.

**REQUEST NO. 22:** All documents in your possession, custody or control that evidence, refer to, contradict or relate to your allegations that you suffered and continue to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits, and other similar damages, as alleged in the Complaint.

> **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privilege, including documents that are protected by the EEOC attorney-charging party privileged, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege. Subject to and without waiving these objections, Plaintiff-Intervenor

has or will produce responsive, non-privileged documents in his possession which have not previously been produced by other parties in this matter.

**REQUEST NO. 23:** All documents in your possession, custody or control relating to logs, journals, notes, calendars and diaries that you have maintained at any time since January 1, 2010.

    **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege, and the attorney-work product privilege. Plaintiff-Intervenor further objects that this request is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff-Intervenor will produce responsive, non-privileged documents in his possession which have not previously been produced by other parties in this matter.

**REQUEST NO. 24:** All documents in your possession, custody or control relating to any criminal, civil, and administrative actions (including, but not limited to, arbitration matters, grievance proceedings, administrative proceedings, civil, criminal, traffic, family and bankruptcy court matters, and/or charges filed with the Minnesota Department of Human Rights, the United States Equal Employment Opportunity Commission, and/or any other state or local human rights commission) to which you have been a party or witness.

    **RESPONSE:** Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege. Plaintiff-Intervenor further states that the materials sought in this request are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:** All documents in your possession, custody or control including, but not limited to, correspondence, resumes, logs, notes, advertisements, references, applications, job descriptions, and compensation and benefits information, relating to your efforts to obtain employment from January 1, 2012 through the date of trial.

    **RESPONSE:** Plaintiff-Intervenor will produce documents in his possession relating to this request.

**REQUEST NO. 26:** All documents in your possession, custody or control that you intend to introduce into evidence at trial in this action.

    **RESPONSE:** Plaintiff-Intervenor objects that this request is premature and calls for the production of trial preparation material. Subject to and without waiving his objections, Plaintiff-Intervenor will produce his proposed exhibits as required by the Federal Rules of Civil Procedure and the Court's pretrial order.

**REQUEST NO. 27:**  All documents in your possession, custody or control that relate to any income you have received from any source since your employment at Defendant ended including, but not limited to, paycheck stubs, W-2 Forms, 1099 Forms, financial statements, documents relating to unemployment compensation benefits, social security benefits, disability compensation benefits, and/or welfare assistance benefits.

> **RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for personal, sensitive financial information.  It is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for production of collateral source income.  Subject to and without waiving his objections, Plaintiff-Intervenor will produce IRS W-2 Forms, and 1099 Forms from employment since his discharge from Defendant as well as a summary of his current employment compensation benefits.  He also will provide his most recent pay stub from employment in 2015.

**REQUEST NO. 28:**  Your federal and state tax returns with supporting schedules and documentation from 2012 through the final resolution of this matter.

> **RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for personal, sensitive financial information.  It is not reasonably calculated to lead to the discovery of admissible evidence and calls for production of collateral source income.

**REQUEST NO. 29:**  All documents in your possession, custody or control relating to your arrests, charges or convictions for crimes in the past ten years.

> **RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request is not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, the evidence sought goes far beyond that admissible as "prior bad acts."

**REQUEST NO. 30:**  All documents in your possession, custody or control that were prepared by Defendant or its agents and were provided to you.

> **RESPONSE:**  Plaintiff-Intervenor objects to this request because it is vague and ambiguous, overbroad, irrelevant, and not reasonable calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**  All files, blog entries, appointment calendars, voicemail messages, memoirs or other memoranda or writings, including e-mails or blog or social network postings, text messages, and instant messages (IMs) that discuss or in any way relate to your employment with Defendant or the allegations in the Complaint or Defendant's Answer.

> **RESPONSE:**  Plaintiff-Intervenor objects to the extent that this request calls for documents that are privileged, including documents that are protected by the EEOC attorney-charging party privilege, the attorney-client privilege, the common interest privilege, the conciliation privilege, the deliberative privilege and the attorney-work product privilege, and the medical provider-patient privilege.  Plaintiff-Intervenor also

20706.0001 -- 2217533_1

objects that this request is overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his objections, Plaintiff-Intervenor will produce any responsive, non-privilege documents in his possession that describe or relate to the factual allegations in the Complaint or Defendant's Answer that have not previously been produced by other parties in this matter.

**HELLMUTH & JOHNSON, PLLC**

Date: May ___31___, 2015

By: _____
        Marshall H. Tanick (#108303)
        Teresa J. Ayling (#157478)
        8050 West 78th Street
        Edina, MN 55439
        (952) 941-4005 (phone)
        (952) 941-2337 (fax)
        mtanick@hjlawfirm.com
        tayling@hjlawfirm.com

**ATTORNEYS FOR INTERVENOR**
**GRANT P. HABIGHORST**

20706.0001 -- 2217533_1