## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | Court File No. 14-cv-03408-SRN-SER |
| Grant Habighorst | ) ) | |
| Plaintiff-Intervenor, | ) ) ) | **EEOC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** |
| v. | ) ) | |
| Cummins Power Generation, Inc., a division of Cummins, Inc. | ) ) ) | |
| Defendant. | ) ) ) | |

TO:   Defendant Cummins Power Generation, Inc., and its attorneys Jacqueline A. Mrachek and Jennifer J. Kruckeberg, Faegre Baker Daniels, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402.

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Equal Employment Opportunity Commission, requests that Defendant Cummins Power Generation, Inc., ("Cummins") produce the documents and electronically stored information designated below for inspection and copying.  The documents and electronically stored information shall be produced within 30 days after the service of this Request.

**EXHIBIT 3**

## INSTRUCTIONS

A.      These instructions and definitions should be construed to require answers based upon the actual or constructive knowledge of, and information available to, complaint counsel as well as your attorneys, representatives, investigators, and others acting on your behalf.

B.      If, after exercising due diligence, you cannot answer the following Production Requests, so state and answer to the extent possible, specifying your inability to answer to the remainder.  State whatever knowledge or information you have regarding the unanswered portion, and identify and describe in detail what you did in attempting to secure the unknown information.  Estimated dates should be given when, but only when, exact dates cannot be supplied.  Any estimates should be identified as such.  The sources and means of derivation of each estimate should be specifically set forth.

C.      If you object to a portion or an aspect of any Production Request, state the grounds of your objection with specificity and answer the remainder of the Production Request.

D.      If, in answering these Production Requests, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

E.     Where a claim of privilege is asserted in responding or objecting to any discovery requested in these Production Requests and information is not provided on the basis of such assertion, you shall, in your response or objection, identify the nature of the privilege (including work product) which is being claimed.  When any privilege is claimed, you shall indicate, as to the information requested, whether (a) any documents exist, or (b) any oral communications took place.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Production Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

A.     The terms "Cummins," "Cummins Power Generation," "you," or "your" means Defendant Cummins Power Generation, Inc., including its employees, agents, attorneys, consultants, representatives, officers, and all other persons acting or purporting to act on its behalf.

B.     For the purposes of this request, the terms "documents" and "electronically stored information" shall have the meanings ascribed to them in Fed.R.Civ.P. 34(a).

C.     The term "person" is defined as any natural person or any business, legal or governmental entity or association.

3

D.     The term "communication" means the transmittal of information by any means, including but not limited to audio and data files from voice messages, instant messages, text messages, or any other electronic file.

E.     The term "relating" (or "relate") shall mean: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, concerning, identifying, or in any way logically or factually connected with the matter discussed.

F.     The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.  The singular form of any noun shall be deemed to include the plural, and vice-versa.

G.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

**OBTAINING CLARIFICATION IN THE EVENT OF AMBIGUITY**

In the event that Defendant believes that any term or request is ambiguous, Cummins should seek clarification from the EEOC.  Such clarification should be sought in advance of any failure or refusal to produce information based upon the asserted ambiguity.  All terms should be construed in the light most likely to result in the production of discoverable evidence.

**FORM FOR PRODUCTION OF ELECTRONCIALLY STORED INFORMATION**

Electronically stored information shall be produced in accordance with the parties' agreement as recorded in the Joint 26(f) Scheduling Report.  All documents produced electronically shall be Bates Stamped and physically unitized.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

5. All documents that were identified in or contain information forming the basis for Defendant's responses to EEOC's First and Second Sets of Interrogatories.

6. The complete personnel file of Linda Omoryui.

7. All documents that refer or relate to any complaint, whether written or oral, regarding Linda Omoryui's work performance, personal conduct, and interpersonal skills.

8. All documents submitted to CIGNA by Defendant to initiate the fitness for duty process for Grant Habighorst.

Date:  August 21, 2015          s/Laurie Vasichek
                                Laurie Vasichek, MN Atty #171438
                                Senior Trial Attorney
                                Equal Employment Opportunity Commission
                                Minneapolis Area Office
                                330 Second Avenue South, Suite 720
                                Minneapolis, MN  55401
                                Telephone:  (612) 335-4061
                                Facsimile:  (612) 335-4044
                                laurie.vasichek@eeoc.gov