UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) Court File 14-cv-3408 (SRN/SER) ) ) **CONSENT DECREE** ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| and | |
| Grant Habighorst, | |
| Plaintiff-Intervenor, | |
| v. | |
| Cummins Power Generation Inc., a division of Cummins Inc. | |
| Defendant. | |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint *EEOC v. Cummins Power Generation, Inc.*, Civil No. 0:14-cv-003408 (SRN/SER), alleging that Defendant Cummins Power Generation ("Defendant") discriminated against Grant Habighorst by making unlawful medical inquiries in violation of the Americans With Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA"). The EEOC also contends that Defendant terminated Habighorst in retaliation against Habighorst for his good faith objections to the unlawful inquiries in

1

violation of the ADA and GINA, and interfering with his rights under the ADA. Defendant denied that it violated the ADA, or GINA, or retaliated against Habighorst.

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Defendant were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

**I.     JURISDICTION**

**A.**   This Court has jurisdiction over the parties and the subject matter of this action.

**B.**   This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

**II.    FINDINGS**

    **A.**    The purposes of the ADA, GINA, and the public interest will be furthered by the entry of this Decree.

    **B.**    The terms of this Decree constitute a fair and equitable settlement of this action.

**III.    SCOPE**

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Grant Habighorst underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for this lawsuit, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

**IV.    DEFINITIONS**

As used herein, "Cummins Power Generation" shall mean Defendant's locations in its U.S. facilities.

V.   TERM

The Term of this Decree and all obligations hereunder shall be three (3) years from the Effective Date hereof.  The Effective Date hereof shall be the date that the District Court approves this Decree.

VI.   INJUNCTION

1. Cummins Power Generation and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of unlawful discrimination based on a person's disability.

2. Where Cummins Power Generation seeks a fitness-for-duty examination from a current employee, Cummins Power Generation shall request only those medical records or information that is job-related and necessary for the purposes of the examination.

3. Cummins Power Generation shall assure that any medical release forms used by its providers for fitness-for-duty examinations of Cummins' employees request the release of only information that is job-related and consistent with business necessity by taking the following steps:

   A.   At the time of requesting a fitness for duty examination of any employee, Cummins Power Generation will ask vendors,

medical providers or other agents directly engaged by Cummins Power Generation to perform a fitness for duty examination to confirm that the information being or to be requested from the current employee is job-related and consistent with business necessity;

B.       If the vendor, medical provider, or agent directly engaged by Cummins Power Generation does not confirm as requested in (A) above, or if Cummins Power Generation has reason to believe the information sought is not job-related or consistent with business necessity, Cummins Power Generation will use a different vendor, medical provider, or agent to perform the fitness-for-duty examination;

C.       If Cummins Power Generation should subsequently learn that its vendor, medical provider, or agent sought release of information going beyond Cummins' instruction in section (A) above, Cummins shall take steps to correct the situation, including using a different vendor, medical provider or agent for the fitness-for-duty examination.

4. Cummins Power Generation shall include the following statement in all requests for medical information relating to a fitness-for-duty examination from its current employees:

> The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

5. Cummins Power Generation shall not engage in unlawful retaliation against any person because such person has opposed any practice made unlawful under the ADA, made a complaint of disability discrimination, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

6. Cummins Power Generation shall not unlawfully retaliate against any person who objects to a medical release form as seeking information that is not job-related or consistent with business necessity, or as seeking information relating to family medical history.

7. Cummins Power Generation shall not unlawfully interfere with its employees' exercise of their rights under the ADA and GINA to be free from unlawful medical inquiries.  It shall engage in the interactive process with any employee who objects to the scope of the release in order to narrow the release such that it requests only information that is job-related and necessary, and which does not request family medical history.

8.  Cummins Power Generation shall provide the dates of employment and title held by Habighorst in a letter to Habighorst within ten (10) days after the Effective Date. Cummins Power Generation will provide Habighorst with a telephone number to be used when listing Cummins in employment applications.  In the event of any future employment-related inquiry regarding Habighorst to this number, Cummins Power Generation shall state the dates of employment and title held by Habighorst, but will not comment

7

on eligibility for rehire. Cummins Power Generation shall note this restriction on commenting in Mr. Habighorst's personnel file. Nothing herein shall obligate Cummins Power Generation to change existing internal records.

### VII. POLICIES AND TRAINING

**A.** Within sixty (60) days after the Effective Date hereof, Cummins Power Generation will review its policies and forms relating to fitness-for-duty examinations, and modify them as necessary to ensure they seek only records and information that are job-related and necessary, and to include the language relating to GINA set forth above in Section VI.

**B.** Within sixty (60) days after the Effective Date hereof, and on an annual basis for the term of this Consent Decree, Cummins Power Generation will train all of its human resource personnel and management employees involved in process of obtaining releases for fitness-for-duty examinations on the ADA, including the interactive process and its prohibition against unlawful medical inquiries, and GINA, including the prohibition against acquiring family medical history. The training may also include information about other laws prohibiting discrimination in the workplace and about Defendant's equal employment opportunity policies. The training must be provided by a live, in-person trainer. An agenda for the training, training materials, and name and title

of the presenters will be provided to the EEOC at least thirty (30) days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest revisions to the agenda and the materials until a week before each training. The training shall last at least one hour.

    **C.**    The EEOC shall be notified of the time and date of each scheduled training session described in Section VII, Paragraph B.

    **D.**    At the beginning of each training session held under this Decree, a high level executive of Cummins Power Generation will introduce the trainer and affirm that Cummins Power Generation takes its obligations and the prohibitions under the ADA and GINA seriously. Also at this time, he or she will describe Defendant's policy of non-retaliation for individuals who engage in protected activity under the ADA and GINA and identify the name and contact information of management personnel who are responsible for receiving and responding to workplace complaints.

    **E.**    Within sixty (60) days, Cummins Power Generation shall advise all its vendors, medical providers and other agents directly engaged by Cummins Power Generation to perform fitness-for-duty examinations of current employees that all release forms must seek only information that is job-related and necessary.

**F.** Within sixty (60) days, Cummins Power Generation shall advise all its vendors, medical providers, and other agents directly engaged by Cummins Power Generation to perform fitness-for-duty examinations of employees that all releases of medical information must provide that the release does not apply to genetic information as defined by GINA, and that Cummins Power Generation, or any entity acting on its behalf, is not seeking the release of such genetic information. Cummins Power Generation shall require vendors, agents, and medical providers to enclose the statement in Section VI.4. with all medical releases.

**VIII.** POSTING TO EMPLOYEES

**A.** Cummins Power Generation will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

**B.** Cummins Power Generation will post the Notice attached as **Exhibit A** at all of its facilities. **Exhibit A** will be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.


**IX.**    RECORDKEEPING AND REPORTING

    **A.**    Cummins Power Generation will comply with all recordkeeping obligations under the laws prohibiting unlawful discrimination. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under the ADA.

    **B.**    For the duration of this Decree, Cummins Power Generation shall document, and retain all documents associated with an employee request for modification of a medical release form in connection with a fitness-for-duty examination, to whom the request was made, the nature of the request, whether Defendant provided the modification, and if Defendant did not provide the modification, the reason such modification was not provided.

    **C.**    On an annual basis during the term of this Decree, Cummins Power Generation shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies relating to the ADA and GINA, revised any policies inconsistent with the ADA and GINA, conducted the training of its personnel, and provided notice to its vendors, medical providers, and other agents directly engaged by Cummins Power Generation to perform fitness-for-duty examinations as required by this Decree. After the first report to the EEOC,

Defendant's subsequent annual reports shall document any further revisions or changes to its workplace policies relating to the ADA and GINA, and provide a copy of the revisions to the EEOC.

**D.**     On an annual basis, during the term of this Decree, Cummins Power Generation shall provide the EEOC with a list of all employee requests for modification of a medical release form relating to a fitness for duty examination.  The list will include: (1) the name of the employee requesting the modification; (2) a description of the modification requested; (3) whether Defendant provided the modification; (4) the name of Defendant's employee who received and/or processed the modification request; and (5) if any internal or external complaint was received relating to the release form.  If the modification was not provided or if a complaint was received, upon the EEOC's request, Cummins Power Generation shall provide the reason the modification was not provided and related documents, including any complaint form, to the EEOC with ten (10) business days of a request. If Defendant's reason for not providing the modification is based on undue hardship, Defendant will provide documentation supporting such undue hardship to the EEOC, to the extent it is not protected by the attorney-client privilege or work product doctrine.

**X.     MONETARY REMEDY**

**A.**     Cummins Power Generation agrees to pay $87,500 to Grant Habighorst in resolution of this matter within ten (10) days after the Effective Date hereof, and to provide notice of its payment to Habighorst to the EEOC.

**B.**     Habighorst's execution of a release separately negotiated by and through Habighorst's attorney and Cummins will be a condition precedent of his receipt of relief under this Decree.

**C.**     From the settlement proceeds referenced in XI(A), above, Cummins Power Generation agrees to pay attorney fees in the amount of $24,000 to Hellmuth and Johnson PLLC. Fifteen percent of the remainder shall be characterized as settlement proceeds for emotional distress, and the rest shall be treated as settlement of wage claims, with appropriate withholding taken. Cummins Power Generation will provide appropriate tax documentation for the payment of these amounts.

**XI.     NOTIFICATION OF SUCCESSORS**

The terms of this Consent Decree shall be binding upon Cummins Power Generation and any of its successors and assigns. Defendant and any successors of it, shall provide a copy of this Decree to any organization

or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger.

**XII.  DISPUTE RESOLUTION**

The EEOC will give Cummins Power Generation ten (10) business days notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree.  Defendant will be given this opportunity to remedy non-compliance, including submitting evidence that any violation of this Decree was inadvertent and steps have been taken to correct the violation.  If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief.  The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

**XIII.  COMPLIANCE REVIEW**

The EEOC may review Cummins Power Generation's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least seven (7) business days in advance of any inspection of Defendant's documents. Upon such notice, Defendant will allow representatives of the EEOC to

review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, and interviewing employees and managers. Nothing in this paragraph shall preclude such employees and managers from requesting or being represented by counsel during such interviews.

XIV.  COSTS AND ATTORNEYS FEES

Except as set forth above, each party shall bear that party's own costs and attorney's fees.

By the Court:

**IT IS SO ORDERED.**

Dated: May 6, 2016   s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 8th day of April, 2016.

                            EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                            P. David Lopez General Counsel

                            James L. Lee
                            Deputy General Counsel

                            131 M. Street NE, 5th Floor
                            Washington, D.C. 20507

                            s/ John C. Hendrickson
                            John C. Hendrickson
                            Regional Attorney

                            s/ Jean P. Kamp
                            Jean P. Kamp
                            Associate Regional Attorney

                            Chicago District Office
                            500 West Madison Street, Suite 2800
                            Chicago, IL 60661
                            Telephone: (312) 869-8116
                            jean.kamp@eeoc.gov

 s/ Laurie A. Vasichek
Laurie A. Vasichek (MN171438)
laurie.vasichek@eeoc.gov
Telephone: (612) 335-4061

Jessica A. Palmer-Denig (MN298281)
jessica.palmer-denig@eeoc.gov
Telephone: (612) 334-4010

EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401

ATTORNEYS FOR PLAINTIFF


CUMMINS POWER GENERATION BY CONSENT:


 s/ Nicole Truso
Jacqueline A. Mrachek
Nicole A. Truso
Faegre Baker Daniels, LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402

ATTORNEYS FOR DEFENDANT

**[Cummins Power Generation Letterhead]**

EXHIBIT A

NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against Cummins Power Generation, alleging that it discriminated against a former employee by refusing to modify a medical release, and firing him in retaliation for his objections to the release. The EEOC claimed that Cummins Power Generation's actions violated the Americans with Disabilities Act ("ADA") and the Genetic Information Nondiscrimination Act ("GINA"). Cummins Power Generation denied that it violated the ADA or GINA or retaliated against the former employee.

The Consent Decree resolving this lawsuit provides a monetary settlement to a former employee and requires training for Cummins Power Generation personnel on Federal laws prohibiting disability discrimination, and mandates regular reporting to the EEOC for a specified period of time. The Consent Decree also requires Cummins Power Generation to comply with Federal law that prohibits retaliation.

Cummins Power Generation will not retaliate against any person who opposes a practice made unlawful under the ADA or GINA, who filed a charge of discrimination under the ADA or GINA, or who participated in proceedings or asserted rights under the ADA or GINA or under the Consent Decree.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at 612-335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

_____
Chief Executive Officer
Cummins Power Generation